## No. 13,661.

MCBRIDE ET AL. *v.* INDUSTRIAL COMMISSION ET AL.
(49 P. [2d] 386)

Decided March 11, 1935. Rehearing denied May 6, 1935.

Mr. RAYMOND L. SAUTER, Mr. RAYMOND M. SANDHOUSE, for plaintiffs in error.

Mr. EDGAR McCOMB, Mr. MILTON D. GREEN, Mr. PAUL P. PROSSER, Attorney General, Mr. M. S. GINSBERG, Assistant, for defendants in error.

Messrs. YEAMAN, GOVE & HUFFMAN, Messrs. WOLVINGTON & WORMWOOD, Messrs. JANUARY & YEGGE, Mr. L. WARD BANNISTER, Mr. HENRY H. CLARK, Mr. WILLIAM E. HUTTON, Mr. JULIAN P. NORDLUND, Mr. HAROLD CLARK THOMPSON, Mr. FRANK C. WEST, Messrs. BLOUNT, SILVERSTEIN & ROSNER, amici curiae on petition for rehearing.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

ON February 27, 1931, Herschell McBride, a mechanic in a tire shop in Sterling, Colorado, sustained an injury in the course of his employment. He applied for compensation through the Industrial Commission, and in October, 1932, was awarded the sum of $3,640, for permanent partial disability, to be paid in weekly installments, which were paid from October, 1932, until his death, July 18, 1933. In November, 1931, he married Kathryne McBride, who is plaintiff in error, and who was living with him at the time of his death. February 9, 1933, Sheila McBride, a child, was born and she is the other plaintiff in error.

Kathryne McBride, the wife, on her own behalf and that of her minor child, filed a claim for the unpaid portion of the sum theretofore awarded to her husband. This claim was denied by the referee, the Industrial Commission and the district court, and on the judgment of the district court error is assigned.

In this opinion, Herschell McBride will be designated as the deceased; plaintiff in error Kathryne McBride, as the claimant; and reference will be made to defendants in error, as the commission and insurer, respectively.

There is no dispute concerning the facts as above mentioned. It is apparent, and is conceded, that the referee, the commission and the court in denying the claim, relied upon section 9, chapter 201, Session Laws of 1923, amendatory of section 57, chapter 210, Session Laws of 1919, which, so far as is material in this case, is as follows:

"The question as to who constitute dependents and the extent of their dependency shall be determined as of the date of the accident to the injured employe and the right to death benefits shall become fixed as of said date irrespective of any subsequent change in conditions and such death benefits shall be directly payable to the dependent or dependents entitled thereto or to such person

*legally entitled thereto* as the Commission may designate.''

Counsel for the commission and the insurer, ably contend, that under this statute, the claimant, having married the employee subsequent to the date of the accident, was not a dependent, and not entitled to compensation. Counsel for claimant insist that the matter is not to be determined solely by the provisions of the statute above quoted, and that other provisions of the Workmen's Compensation Act must be considered, especially section 52, chapter 210, Session Laws of 1919, which is as follows:

''For the purposes of this act the following described persons shall be conclusively presumed to be wholly dependent:

''(a) Wife, unless it be shown that she was voluntarily separated and living apart from the husband at the time of his injury *or death* and was not dependent in whole or in part on him for support.

''(b) Minor children of the deceased under the age of eighteen years. The term 'minor child' shall include posthumous children or a child legally adopted prior to the injury.''

Claimant's counsel further contend that the dependency of a wife is thereby determined as a matter of law, when there is a showing that she was living with her husband at the time of his death, and was dependent upon him for support; and that there is a conclusive presumption that she is a dependent for all purposes of the compensation act. With the last contention we agree, and adhere to the former decisions of this court, which so determine. *London Guarantee and Accident Co. v. Industrial Com.,* 78 Colo. 478, 242 Pac. 680; *Vaughn v. Industrial Com.,* 79 Colo. 257, 245 Pac. 712.

To give full import to the purposes of the Workmen's Compensation Act as originally enacted and later amended, all portions thereof, should be read together and harmonized if possible. It unquestionably is clear

that certain persons, under prescribed conditions, shall be considered dependents, and in that connection, as it relates to other purposes of the act, section 1, chapter 174, Session Laws, 1931, which was enacted subsequently to section 57 of the 1923 act above quoted, is applicable to this case and is as follows: "Children eighteen years of age or over, husband, mother, father, grandmother, grandfather, sister, brother or grandchild, who were wholly or partially supported by the deceased employe at the time of his death and for a reasonable period of time immediately prior thereto, shall be considered his actual dependents. If such dependents be a son, grandson, or brother eighteen years of age or over, a husband, father or grandfather, to be entitled to compensation, they must prove that they were incapable of or actually disabled from earning their own living during the said time; Provided, however, if said incapacity or disability is temporary only, compensation shall be paid only during the period of such temporary incapacity or disability."

█ This later section fixes the condition upon which certain persons are to be considered dependent. It determines their dependency as of the time of the employee's death, and does so, regardless of the time of the accident. It then follows, that this latter section, to which reference will be made as amended section 53, is in conflict with amended section 57, hereinbefore quoted, if said amended section 57 is to be construed as fixing *all* dependencies as of the time of the accident. We do not so construe it. Injury and death are not always coincident. This being true, conditions constituting dependency may change during the intervening period, as is often the case, and it must follow, that the *extent.* of the right to death benefits cannot always be fixed as of the date of the accident. The wording of the amended section 57, presupposes a *question* to be determined. That question is "who" and "the extent." Section 52, Session Laws, 1919 and amended section 53, herein quoted,

leave no question to be determined. Dependency and extent are fixed as a matter of law. "For all purposes of the act" the legislature said the wife is conclusively presumed to be wholly dependent on the husband if living with him at the time of his injury or his death. Had the legislature intended to exclude a post-injury wife, words were just as available then as now, to so specifically state.

Counsel for the commission and insurer rely upon the words "irrespective of any subsequent change in conditions" as determinative of the rights of the claimant here who became a wife subsequent to the accident, and deal with the matter as a subsequent change of the condition of the injured employee. The quoted words, can refer only to dependents, because the legislature was considering only dependents in fixing the right to a death benefit. The injured employee must first have died. If applied as counsel contends for, the word "irrespective" has no fixed meaning, because amended section 58, immediately following, enumerates "subsequent" happenings that either terminate or change the benefits.

Many cases from other states are cited and excerpts from the opinions freely quoted, but we do not find them helpful or controlling, because the entire Workmen's Compensation Act of Colorado, as now amended, has no counterpart in any of those states; however, a similarity in some parts, which are discussed in some of the cited cases, tend only to confuse. Reference is made to, and reliance had upon, the case of *Dahlquist v. Nevada Industrial Com.,* 46 Nev. 107, 206 Pac. 197. In that case the claimant was a common-law wife *before* the injury and a wife by ceremonial marriage the day after the injury. All that is said by the court in its opinion, with reference to the ceremonial marriage is obiter dicta, because the court found that marriage before the injury had been established under common law. Such parts of section 26 of the Nevada Compensation Act, which are similar to the Colorado statute, as are pertinent, are as follows: "The following persons shall be conclusively

presumed to be totally dependent for support upon a deceased employee: 1. A wife upon a husband whom she has not voluntarily abandoned *at the time of the injury,*" and another section of the Nevada statute is like our amended section 57. Note the distinction between this statute and section 52 of the Colorado act, which we repeat: "(a) Wife, unless it be shown that she was voluntarily separated and living apart from the husband at the time of his injury or *death.*" The original Workmen's Compensation Act of Colorado, enacted in 1915, did not contain the words "or death" and it is significant, that four years later, for some good purpose, these words found their way into our present law. In the absence of these words, the commission's contentions would have more weight.

As a further indication that the conclusions—favorable to the wife—herein reached are not only legally correct, but righteous, and unharmful to insurer, we find that the claimant herein, as a post-injury spouse, was recognized as a dependent by the insurer, as appears from the following quotation from a letter to the commission written by the insurer, at a time when deceased was making application for a lump sum settlement.

"I note from the application that his wife is expecting a child within the next few weeks and that he is requesting that we approve lump sum for the expense, to which we offer no objection and are heartily in accord with the granting of this portion of the lump sum settlement. I feel that $500.00 at this time should be sufficient to take care of this need and then at a later date, he is desirous of requesting a further lump sum, and the same is for his best interests, we will then offer no objections." This was allowed and paid.

 Moreover, in this connection, the commission finally determined the full liability of the insurer by a lump sum award, in the amount of $3,640. That became a vested right. The extent of injury was fixed, as much so as by judgment. This right would survive. It is to

be distinguished from compensation, claimed as a death benefit which cannot be paid to legal representatives, because barred by the amendment of section 57, Session Laws of 1919. In either event, the insurer here cannot escape payment of the unpaid portion, as attempted; it rightfully should go to the post-injury spouse, as a dependent or in the alternative, she could recover as a person legally entitled thereto.

██ The claimant here had received support as a dependent out of deceased's compensation, which was the equivalent of wages; was recognized as a bona fide dependent by the insurer; and now the groping about for a reason to deny her what she would have rightfully received, had deceased lived a sufficient length of time, is equivalent to insisting that a strict interpretation is to be placed upon these seemingly conflicting provisions of the statute, which is not in accord with the beneficent purposes of the act; and to further say, that workmen, after an injury, should cease to be natural, social companionate personalities.

The judgment is reversed with directions to remand the case to the commission for entry of its award to claimant for the unpaid portion of the lump sum award.

Mr. Justice Hilliard and Mr. Justice Bouck dissent.

Mr. Justice Hilliard, dissenting.

I cannot agree with the court's interpretation of the sections of the workmen's compensation statutes here involved.

Section 52, chapter 210, Session Laws, 1919, prescribes who shall be conclusively presumed to be *wholly* dependent, which is the only office of the section. So far as the wife is concerned it reads: "For the purposes of this act the following described persons shall be conclusively presumed to be wholly dependent: (a) Wife, unless it be shown that she was voluntarily separated and living apart from the husband at the time of his injury or death

and was not dependent in whole or in part on him for support." It fixes the degree of dependency, not the identity of dependents. The question as to the latter is answered by section 9, chapter 201, Session Laws, 1923, amending section 57, Session Laws, 1919, and not elsewhere in the act. That section reads: "* * * The question as to who constitute dependents and the extent of their dependency shall be determined as of the date of the accident to the injured employe and the right to death benefits shall become fixed as of said date irrespective of any subsequent change in conditions and such death benefits shall be directly payable to the dependent or dependents entitled thereto or to such person legally entitled thereto as the Commission may designate." There is nothing in the act that in any manner conflicts with the unmistakable language of this section. The court gravely calls attention to the amendment, in 1931, of section 53 of the act (section 1, chapter 174, Session Laws, 1931), as if the legislature had amended section 57 (§9, c. 201, S. L. '23). Had there been legislative purpose to change section 57, power was at hand. Section 53 was amended only to the extent of adding "grandchild" and "grandson" to the list of those who may be dependents. The term "wife" was not in the original section 53, nor is it in the amended section. Still, the court insists that said section 53, which never had and does not now have application to a wife, is, because of the 1931 amendment to include grandchild and grandson, an amendment of amended section 57, and thereby changes the status of a wife.

The court says that "Had the legislature intended to exclude a post-injury wife, words were just as available," etc. That is not the question. Without the statute there would be no dependents, in the sense of the compensation act. Necessarily, therefore, a wife seeking to qualify as a dependent must show that she is included, not that the legislature failed to exclude her.

Finally the court says that because, subsequent to the

marriage, there had been a lump sum award, "it is to be distinguished from compensation," and can be recovered by the wife "as a person legally entitled thereto." Perhaps so. I am not advised. Suffice to say this proceeding was not of that nature.

Mr. Justice Bouck concurs in the foregoing dissenting opinion.