## No. 14,007.

STATE COMPENSATION INSURANCE FUND ET AL.
*v.* HARTMAN ET AL.
(64 P. [2d] 123)

Decided October 19, 1936. Rehearing denied December 28, 1936.

Mr. HAROLD CLARK THOMPSON, for plaintiffs in error.

Mr. BYRON ROGERS, Attorney General, Mr. LOUIS SCHIFF, Assistant, Messrs. MOYNIHAN, HUGHES & KNOUS, for defendants in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

THE State Compensation Insurance Fund and Hartman Brothers, Inc., prosecute this writ of error to reverse a judgment of the district court which affirmed an award of the Industrial Commission entered in favor of the claimant, Jewell Clark Hartman. Reference herein will

be made to the State Compensation Insurance Fund as the insurer, Hartman Brothers, Inc., by name or as employer, and defendants in error as claimant and the commission.

Hartman Brothers, Inc., conducted an automobile or garage business under that name at Montrose, Colorado. Sidney Carlton Hartman, deceased, a son of one of the proprietors, was an employee on July 11, 1933, working as a filling station attendant. While he was so engaged and on that date, an explosion occurred in the garage in which he received serious burns on the face, head, shoulders, knees and legs. For these injuries claim was made and temporary disability benefits paid. The disability continued for about 60 days, at the end of which period he returned to work and continued until about September 23, 1934. He was about 21 years old, and single until the latter date, when he married the claimant herein, they going to Salt Lake City on a honeymoon trip, returning after about eight days. Deceased went to bed on the day of his return by reason of illness and died October 5 following. His widow filed a claim with the commission as a dependent. Upon a hearing in due course, a referee of the commission found that decedent's death was the proximate result of the accidental injury incurred July 11, 1933, but denied the claim for compensation on the ground that claimant was not a dependent of the decedent at the time of his accident, she having been married to him over a year thereafter. This ruling finally was reviewed by the commission which affirmed the finding that decedent's death was the proximate result of his accidental injury, with the further finding that claimant was a dependent within the meaning of the Workmen's Compensation Act as construed in *McBride v. Industrial Commission*, 97 Colo. 166, 49 P. (2d) 386. Upon this finding, the commission entered its award directing that compensation be paid to claimant at the rate of $40.66 per month beginning October 5, 1934, and continuing thereafter until the sum of $2,927.86 had been paid.

This award of March 24, 1936, was made final by a subsequent award on April 3, 1936. Upon a complaint filed in the district court April 22, 1936, the court, June 18, 1936, affirmed the award of the Industrial Commission.

After conceding that the finding that deceased died as a result of an accident of July 11, 1933, has such support in the evidence under the decisions of this court that it will not be disturbed, counsel for plaintiff in error does not raise that issue on this review, but vigorously insists that the finding that claimant is a dependent within the meaning of the Workmen's Compensation Act, is contrary to the provisions of the act, and that the decision of this court in *McBride v. Industrial Commission, supra,* construing a post-injury spouse to be a dependent, is wrong: This is the sole question now presented.

Upon this proposition, that of determination of dependents, the case at bar is identical with *McBride v. Industrial Commission, supra.* The conclusion in that case was reached after careful and deliberate consideration of the question by the court en banc and adhered to after elaborate and exhaustive briefs were presented by defendants in error and numerous friends of the court in support of a petition for rehearing. This being true and the sole issue before us having been fully and finally determined by the decision in the McBride case, we content ourselves by affirming the judgment of the trial court, on authority of the holding in that case.

Judgment affirmed.

MR. JUSTICE BUTLER concurs in the conclusions.

MR. JUSTICE BOUCK dissents.

MR. JUSTICE BOUCK, dissenting.

The views which I urged in conference as properly demanding a reversal of the district court judgment rendered in favor of Mrs. Hartman, the employee's "post-injury" widow, and which I again urged as valid grounds for granting a rehearing herein to the plaintiff in error,

the State Compensation Insurance Fund, are now incorporated in this dissenting opinion filed simultaneously with the disposition of the petition for rehearing.

The majority opinion is, I think, in error when it declares that "on this question, that of determination of the dependents, the case at bar is identical with *McBride v. Industrial Commission* [97 Colo. 166, 49 P. (2d) 386]."

In the light of the McBride opinion, three vital propositions are true: (1) The McBride decision did not depend wholly or necessarily upon the only questions now before us; (2) if that decision is to be upheld as correct, the better of the two reasons assigned in the opinion— namely, the one concerning a supposed "vested right"— was the one which really should be, and evidently was, considered as decisive of the McBride case, it being a reason which cannot possibly come into the present case; (3) if the McBride decision had depended for its validity upon the questions now before us, it would have been wrong, whether tested by mere logic or by the unanimous conclusions of the judicial and legal authorities.

A bare reference to the character of the McBride case and to that of the case at bar brings out the startling difference between them in their facts and thereby distinguishes between the questions respectively involved in both: The McBride case falls within section 64 of the Workmen's Compensation Act; the present one, within section 63. Under these sections the sums awardable are radically different.* The McBride award to the widow was expressly made "for the unpaid portion of the * * * award" theretofore made to the employee when living.

---

*"Section 63. In case death proximately results from the injury within a period of two (2) years, the benefits shall be in the amounts and to the persons following: * * * (b) If there are wholly dependent persons at the time of death, the payment shall be fifty per cent. (50%) of the average weekly wages, subject to the limitations of this Act as to maximum and minimum weekly amount, and to continue for the remainder of the period from the date of the death, and not to exceed six (6) years from the date of the injury, and not to amount to more than a maximum of Four Thou-

The McBride opinion—after interpreting certain provisions of the Workmen's Compensation Act contrary to the meaning conveyed by the plain language of all the sections therein considered, and contrary to the interpretation which I shall show to have been placed invariably in other jurisdictions upon statutes the same as or similar to our own—proceeded, at page 172 of 97 Colorado, as follows: "Moreover, * * * the commission finally determined the full liability of the insurer [direct to the employee] * * * in the amount of $3,640. That became a vested right. The extent of injury was fixed, as much so as by judgment. This right would survive. It is to be distinguished from compensation, claimed as a death benefit * * *. In either event, the insurer here cannot escape payment of the unpaid portion, as attempted; it rightfully should go to the post-injury spouse, as a dependent or in the alternative, she could recover as a person legally entitled thereto."

These words seem to indicate a purpose to stand on this ground of "vested right" as the safer and better one of the two. The point I make, that the majority apparently regarded the "vested right" ground as more solid than the one supplied by their above-mentioned—and, as I think, erroneous—interpretation of certain statutory provisions, which are the very ones directly involved here. But it is not my intention to discuss at this time whether in putting the decision upon such former ground, the opinion was sound or otherwise, or whether it did or did not indulge in unwarranted judicial legislation. It

---

sand Three Hundred and Seventy-five Dollars ($4,375.00). * * *" C. L. '21, §4437, am. (only as to amount): S. L. '23, p. 725, and S. L. '29, 652.

"Section 64. If death occurs to an injured employee, other than as a proximate result of accident before disability indemnity ceased, and the deceased leaves a person or persons wholly dependent upon him for support, death benefits shall be as follows: * * * (b) Where the accident proximately caused permanent partial disability, the death benefit shall consist of the unpaid and unaccrued portion of the permanent partial disability benefit which the employee would have received had he lived." C. L. '21, §4438; S. L. '23, p. 726; S. L. '29, p. 653.

may perhaps be plausibly argued that, when an employee dies, any award made to him in his lifetime should be treated somewhat like property belonging to him at his death, and that it should go to the family he leaves behind him, new or old.

Obviously proposition (3) set forth near the beginning is the only one requiring further discussion in the present case.

What, then, is the correct significance of the statutory provisions which are naturally involved in the present case and which, rightly or wrongly, were given a certain interpretation in the McBride case?

I assume that the McBride opinion, while specially emphasizing as it did the "vested right" argument, nevertheless intended to fortify its decision by its less firmly stressed statutory interpretation. Irrespective of whether the decision was ultimately based upon the "vested right" theory alone, or whether in the last analysis it rests wholly or in part on the interpretation mentioned, the provisions interpreted—and all others properly entering into consideration—are now entitled to be re-examined in the light of the particular facts disclosed by the record before us, quite different from the facts in the former one, as already shown. The litigants in the present case should therefore not only be permitted to have their matter considered without the entanglements of possible obiter dicta in the other, but entirely free from the decision in the latter and from the reasons invoked in its support.

It is said in the McBride opinion that the Colorado Workmen's Compensation Act as now amended "has no counterpart in any of these states" from whose jurisdictions judicial opinions are quoted and that "a similarity in some parts * * * tend only to confuse." I find the situation otherwise.

The following parallel presents the relevant statutes of Colorado and her three widely separated sister states of Wisconsin, Nevada, and Massachusetts.

### Colorado.

"For the purposes of this act the following described persons shall be conclusively presumed to be wholly dependent:

"(a) Wife, unless it be shown that she was voluntarily separated and living apart from the husband at the time of his *injury or death* and was not dependent in whole or in part on him for support."

(C. L. '21, §4426 [S. L. '19, p. 720, §52].)

"The question as to who constitute dependents and the extent of their dependency shall be determined as of the date of the accident to the injured employee and the right to death benefits shall become fixed as of said date irrespective of any subsequent change in conditions and such death benefits shall be directly payable to the dependent or dependents entitled thereto as the Commission may designate. * * *"

(C. L. '21, §4431, am.: S. L. '23, p. 738, §9.)

### Wisconsin.

"The following shall be conclusively presumed to be solely and wholly dependent for support upon a deceased employee:

"(a) A wife upon a husband with whom she is living at the time of his *death* * * *."

(Wis. Stat. of '29, p. 1192, §102.09, (4p); Stats., §2394-10, subd. 3.)

"Questions as to who constitute dependents and the extent of their dependency shall be determined as of the date of the accident to the employee, and their right to any death benefits shall become fixed as of such time, irrespective of any subsequent change in conditions * * *."

(Wis. Stat. '29, p. 1193, §102.09, (4t); Stats., §2394-10, subd. 5.)

---

In *Kuetbach v. Industrial Comm.*, 166 Wis. 378, 384, 165 N. W. 302, 304, L. R. A. 1918 F, 476, 479, a case closely analogous to the case at bar, the Supreme Court of Wisconsin interpreted the above-quoted statute of that state. The decision was made in 1917. Our own act—an entire and independent substitute for the act of 1915—was adopted in 1919. The similarity of the above Wisconsin and Colorado provisions would suggest the application of the rule that when we substantially adopt the statute of a sister state, we adopt the interpretation put upon it by the highest court of that state before we enact it into

### Nevada.

"(a) The following persons shall be conclusively presumed to be totally dependent for support upon a deceased employee:

"1. A wife upon a husband whom she has not voluntarily abandoned at the time of the *injury;* \* \* \*."

(2 Nev. C. L. '29, p. 834, §2707.)

"Questions as to who constitute dependents and the extent of their dependency shall be determined as of the date of the accident or injury to the employee, and their right to any death benefit shall become fixed as of such time, irrespective of any subsequent change in conditions, and the death benefits shall be directly recoverable by and payable to the dependent or dependents entitled thereto, or to their legal guardians or trustees."

(2 Nev. C. L. '29, p. 835, §2707.)

### Massachusetts.

"The following persons shall be conclusively presumed to be wholly dependent for support upon a deceased employee:

"(a) A wife upon a husband with. whom she lives at the time of his *death,* or from whom, at the time of his *death,* the department shall find the wife was living apart for justifiable cause or because he had deserted her. \* \* \*"

(4 Ann. Laws of Mass., p. 703, §32; G. L. c. 152, §32.)

"The following words as used in this chapter shall \* \* \* have the following meanings: \* \* \*

"(3) 'Dependents,' members of the employee's family or next of kin who were wholly or partly dependent upon the earnings of the employee for support at the time of the injury."

(4 Ann. Laws of Mass., p. 646, §1; G. L. c. 152, §1.)

---

law. Justice Rosenberry, on behalf of the Wisconsin court, declared:

"It is strongly urged that sub. 3 (a) creates a separate class of dependents and fixes the degree of their dependency, and that when the fact is established that the wife was living with her husband at the time of his death the fact of dependency and the degree of dependency are conclusively established in accordance with the provisions of sub. 3 (a).

"Such a construction ignores the plain language of sub. 5. So construed, sub. 3 (a), (b), and (c) would be in the

nature of exceptions to the provisions of sub. 5, and to that extent in conflict with it. Sub. 3 prescribes the method of determining the degree of dependency; sub. 4 limits the dependents to the classes of persons therein described; and sub. 5 prescribes the time as of which all questions relating to dependency and to the degree of dependency are to be determined. No claimant can bring himself within the provisions of the act except by establishing that he was on the date of the accident within the class of persons described in sub. 4. Having established that fact, if it further appears that he was within the provisions of sub. 3 (a), (b), or (c), the degree of dependency is conclusively established, and in all other cases it must be proven and found in accordance with the fact as of the date of the accident. Such we think was clearly the legislative intent. The legislature may with good reason have come to the conclusion that parents who have reared a child are quite as much entitled to the benefits of compensation as a woman who, after a man is injured, marries him with full knowledge of all the facts. She lost nothing by the accident. The parents or other dependents may have lost their sole means of support. We are not concerned here with the policy of the law; the law is clear and the legislative intent is plain, and it is our duty to give it effect.''

In *Dahlquist v. Nevada Ind. Com.*, 46 Nev. 107, 114, 206 Pac. 197, 198, the court, after quoting the Nevada provisions in the above parallel, said:

''This language is plain and unequivocal; nothing could be more clearly put. In fact, apparently through a superabundance of precaution, the legislature, after saying that the question of dependents shall be determined as of the date of the accident or injury, to reinforce that idea, and to put its expression beyond all cavil, provided that such should be the case 'irrespective of any subsequent change in conditions.'

''In view of this unequivocal language, why should we grope around for some theory upon which to base an

interpretation squarely contrary to that expressed? There is no room for interpretation of the language used. Rules of interpretation are resorted to only where doubt exists as to the idea sought to be expressed. We are confronted with no such situation. It is clear that plaintiff cannot recover because of her ceremonial marriage. This view finds support in the case of Kuetbach v. Industrial Commission [supra]."

In *Gleason's Case,* 269 Mass. 583, 584, 169 N. E. 409, the Supreme Judicial Court of Massachusetts similarly expressed itself in no uncertain language:

"The contention of the claimant is that she is conclusively presumed to be wholly dependent for support upon the deceased employee under G. L. c. 152, §32 (a), which so classifies 'A wife upon a husband with whom she lives at the time of his death. . . .' But this section when considered with the other provisions of the act merely determines which of the persons who are defined as dependents in §1 (3) of the statute shall be conclusively presumed to be wholly dependent. The conclusive presumption applies only to those who can bring themselves within the classification of dependents under the section last referred to. The 'ascertainment of dependents is made as of the time of the injury to the deceased employee. It cannot be made as of any other time.' *Bott's Case,* 230 Mass. 152, 154. *Cronin's Case,* 234 Mass. 5, 6. Since the claimant was neither next of kin nor a member of the employee's family at the time of the injury she cannot recover."

Inasmuch as the majority opinion does not regard our statute as similar to those of our sister states and finds that a comparison of the decisions of those states would tend rather to confuse than to clarify, it discusses only one of the above-cited cases, namely, the *Dahlquist Case, supra.* That case, however, is incidentally valuable in properly distinguishing (at page 112 of 46 Nevada) the case of *Crockett v. International Ry. Co.,* 176 App. Div.

45, 162 N. Y. Supp. 357. This New York case and an Ohio case were cited by counsel for Mrs. McBride as decisive. Yet the New York decision was frankly and properly based—not upon statutes like those of Colorado, Wisconsin, Nevada, and Massachusetts but—upon the fact of survivorship, as contrasted with dependency, of the wife, according to the express terms of the peculiar New York statute. Compare: *Mutimer v. General Electric Co.*, 207 App. Div. 1, 201 N. Y. Supp. 588; *Van Wyk v. Realty Traders,* 215 App. Div. 254, 213 N. Y. Supp. 28. The Ohio case in question is *Austin Co. v. Brown,* 121 Ohio St. 271, 167 N. E. 874. This too is wholly a matter of plain statute differing from our own. After providing that a wife shall be presumed to be wholly dependent "upon a husband with whom she lives at the time of his death," and after creating a similar presumption in favor of minor children, the statute expressly says: "In all *other* cases," unlike our own statute.

From the attitude of the McBride opinion toward the statutes and decisions elsewhere it of course follows that, in so far as the interpretation of statutes constitutes one of the two grounds for the decision, such interpretation is based upon the provisions themselves. The argument based upon the alleged changes in various sections falls to the ground by the fact that neither in section 53 nor in section 57 of the act was a single substantial amendment made that is relevant to the questions then or now before the court.

Moreover, the cases of *London Guaranty & Accident Co. v. Industrial Com.,* 78 Colo. 478, 242 Pac. 680, and *Vaughn v. Industrial Com.,* 79 Colo. 257, 245 Pac. 712, both cited in the McBride majority opinion, are clearly not in point, as no question was there involved concerning a "post-injury" wife.

While the petition for rehearing is now denied and the decision has become final, I feel constrained to file this dissenting opinion, hoping that, if and when the question

is again presented, this court will take a different view, thus reconciling Colorado to the overwhelming line of authorities in our sister states.