THE State Compensation Insurance Fund and Hartman Brothers, Inc., prosecute this writ of error to reverse a judgment of the district court which affirmed an award of the Industrial Commission entered in favor of the claimant, Jewell Clark Hartman. Reference herein will *Page 325 
be made to the State Compensation Insurance Fund as the insurer, Hartman Brothers, Inc., by name or as employer, and defendants in error as claimant and the commission.
Hartman Brothers, Inc., conducted an automobile or garage business under that name at Montrose, Colorado. Sidney Carlton Hartman, deceased, a son of one of the proprietors, was an employee on July 11, 1933, working as a filling station attendant. While he was so engaged and on that date, an explosion occurred in the garage in which he received serious burns on the face, head, shoulders, knees and legs. For these injuries claim was made and temporary disability benefits paid. The disability continued for about 60 days, at the end of which period he returned to work and continued until about September 23, 1934. He was about 21 years old, and single until the latter date, when he married the claimant herein, they going to Salt Lake City on a honeymoon trip, returning after about eight days. Deceased went to bed on the day of his return by reason of illness and died October 5 following. His widow filed a claim with the commission as a dependent. Upon a hearing in due course, a referee of the commission found that decedent's death was the proximate result of the accidental injury incurred July 11, 1933, but denied the claim for compensation on the ground that claimant was not a dependent of the decedent at the time of his accident, she having been married to him over a year thereafter. This ruling finally was reviewed by the commission which affirmed the finding that decedent's death was the proximate result of his accidental injury, with the further finding that claimant was a dependent within the meaning of the Workmen's Compensation Act as construed in McBride v. IndustrialCommission, 97 Colo. 166, 49 P.2d 386. Upon this finding, the commission entered its award directing that compensation be paid to claimant at the rate of $40.66 per month beginning October 5, 1934, and continuing thereafter until the sum of $2,927.86 had been paid. *Page 326 
This award of March 24, 1936, was made final by a subsequent award on April 3, 1936. Upon a complaint filed in the district court April 22, 1936, the court, June 18, 1936, affirmed the award of the Industrial Commission.
[1] After conceding that the finding that deceased died as a result of an accident of July 11, 1933, has such support in the evidence under the decisions of this court that it will not be disturbed, counsel for plaintiff in error does not raise that issue on this review, but vigorously insists that the finding that claimant is a dependent within the meaning of the Workmen's Compensation Act, is contrary to the provisions of the act, and that the decision of this court in McBride v. Industrial Commission,supra, construing a post-injury spouse to be a dependent, is wrong. This is the sole question now presented.
Upon this proposition, that of determination of dependents, the case at bar is identical with McBride v.Industrial Commission, supra. The conclusion in that case was reached after careful and deliberate consideration of the question by the court en banc and adhered to after elaborate and exhaustive briefs were presented by defendants in error and numerous friends of the court in support of a petition for rehearing. This being true and the sole issue before us having been fully and finally determined by the decision in the McBride case, we content ourselves by affirming the judgment of the trial court, on authority of the holding in that case.
Judgment affirmed.
MR. JUSTICE BUTLER concurs in the conclusions.
MR. JUSTICE BOUCK dissents.