Patrick WOOD, Petitioner,

v.

BEATRICE FOODS COMPANY, the Industrial Claim Appeals Office of the State of Colorado, and Director, Division of Labor, Respondents.

No. 89CA1973.

Colorado Court of Appeals,
Div. I.

March 28, 1991.

Rehearing Denied April 25, 1991.

Certiorari Denied July 29, 1991.

Benjamin P. Kramer, P.C., Benjamin P. Kramer, Denver, for petitioner.

Anderson, Campbell & Laugesen, P.C., Raymond F. Callahan, Mitchell T. Murray, Denver, for respondent Beatrice Foods Co.

Duane Woodard, Atty Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Tony Arguello, Asst. Atty. Gen., Denver, for respondent Indus. Claim Appeals Office and Director, Div. of Labor.

Opinion by Judge PIERCE.

Claimant, Patrick Wood, seeks review of a final order of the Industrial Claim Appeals Office (Panel) ruling that under § 8–52–104.5, C.R.S. (1986 Repl.Vol. 3B), he was not entitled to payment of permanent partial disability benefits during his imprisonment following a felony conviction. We affirm.

## I.

■ Claimant first contends that the Panel erred in its construction of the statute which took effect on April 17, 1986. He asserts that the statute should be construed to suspend workers' compensation benefits unless those benefits are for permanent disability *or* unless the prisoner assigns temporary disability benefits to dependents. We disagree.

Section 8–52–104.5 at that time provided that workers' compensation benefits should not be paid to any prisoner following conviction, "unless such compensation is received pursuant to sections 8–51–104, 8–51–107, or 8–51–108 [governing permanent disability benefits] *and* unless he assigns such compensation to his spouse or minor children." (emphasis added)

We rule that the statutory language suspends all benefits to prisoners following conviction except for permanent disability benefits that have been assigned to the prisoners' spouse or minor children. Effect will, therefore, be given its plain meaning. *See Kane v. Town of Estes Park*, 786 P.2d 412 (Colo.1990); *Kern v. Gebhardt*, 746 P.2d 1340 (Colo.1987). *See also* Section 8–42–113, C.R.S. (1990 Cum.Supp.)

## II.

Claimant next contends that § 8–52–104.5, C.R.S. (1986 Repl.Vol. 3B) violates the constitutional prohibition against *ex post facto* and retrospective legislation. All of the facts necessary for resolution of the constitutional challenge here are undisputed and appear in the record before us. Hence, we address claimant's contentions. *See Stuart–James Co. v. Division of Em-*

*ployment & Training,* (Colo.App. No. 90CA0043, March 14, 1991).

### A.

■ Claimant argues that the statute increased the punishment for the crime he committed prior to its enactment. We conclude that the statute does not violate the ex post facto clause.

■ Colo. Const. art. II, § 11, prohibits *ex post facto* laws and any law retrospective in its operation. The *ex post facto* clause bars retroactive application of legislation which makes previously lawful behavior criminal or which imposes additional punishment to that prescribed when the act was committed. *People v. Billips,* 652 P.2d 1060 (Colo.1982); *People v. Benney,* 757 P.2d 1078 (Colo.App.1987).

The prohibition against *ex post facto* laws, however, applies only to criminal penalties. *Zaragoza v. Director of Department of Revenue,* 702 P.2d 274 (Colo.1985) (fn. 5). *See also* 2 *Sutherland on Statutory Construction* § 42.03 (N. Singer 4th ed. 1986). *See DeVeau v. Braisted,* 363 U.S. 144, 80 S.Ct. 1146, 4 L.Ed.2d 1109 (1960); *Flemming v. Nestor,* 363 U.S. 603, 80 S.Ct. 1367, 4 L.Ed.2d 1435 (1960).

Here, the legislative history does not show an intent to impose further punishment for past crimes. Rather, it shows an intent to remedy the perceived unfairness of requiring employers and insurance carriers to pay benefits as compensation for lost earning capacity to persons who have no earning capacity because their imprisonment has removed them from the work force. Tape recording of hearings on H.B. 1016 before the House Business Committee (January 14, 1986, 55th General Assembly); Tape recording of hearings on H.B. 1016 before the Senate Business Committee (March 5, 1986, 55th General Assembly).

This non-punitive purpose is incident to regulation of a present situation and is, therefore, sufficient to uphold the statute against claimant's *ex post facto* clause challenge. *See DeVeau v. Braisted, supra; Flemming v. Nestor, supra.* *See* 2 *Sutherland on Statutory Construction* § 42.03, *supra.*

### B.

■ We also reject claimant's argument that, as applied to him, the statute is an unconstitutionally retrospective law.

■ A statute is not retrospective merely because the facts upon which it operates occurred before the adoption of the statute. *Neodata Services v. Industrial Claim Appeals Office,* 805 P.2d 1180 (Colo.App. 1991); *Continental Title Co. v. District Court,* 645 P.2d 1310 (Colo.1982). A statute operates retrospectively only if it impairs vested rights acquired under existing law, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past. *Martin v. Board of Assessment Appeals,* 707 P.2d 348 (Colo. 1985).

Claimant's rights to workers' compensation benefits did not become vested until entry of the award. *See Vail v. Denver Building & Construction Trades Council,* 108 Colo. 206, 115 P.2d 389 (1941); *Schenfeld v. Shaffer,* 29 Colo.App. 425, 487 P.2d 818 (1971).

Here, claimant's award was entered in August 1986, several months after enactment of § 8–52–104.5. Because claimant's rights were not vested when the statute was enacted, the statute was not unconstitutionally retrospective as applied to him.

### III.

■ Finally, claimant contends that § 8–52–104.5, C.R.S. (1986 Repl.Vol. 3B) denied him equal protection and due process of the law. We disagree.

We first reject his contention that the statute infringes on his fundamental rights to a trial before imposition of criminal punishment and his right to be free from cruel and unusual punishment since, as discussed above, the statute does not impose criminal punishment. *See Pace v. United States,* 585 F.Supp. 399 (S.D.Tex.1984); *see DeVeau v. Braisted, supra; Flemming v. Nestor, supra; Jensen v. Heckler,* 766 F.2d 383 (8th Cir.) *cert. denied,* 474 U.S. 945, 106 S.Ct. 311, 88 L.Ed.2d 288 (1985).

We also reject claimant's contention that the statute operates to deprive him of property without due process of law. Claimant had no vested right to an award of benefits when the statute was enacted. Consequently, when the award was entered, it was subject to the provisions of § 8–52–104.5. Statutorily created benefits such as workers' compensation exist only to the extent provided by the applicable statutes, and legislation limiting such benefits does not deprive affected persons of a constitutionally protected property interest. *See Meyer v. Industrial Commission,* 644 P.2d 46 (Colo.App.1981).

Nor does the statute create any recognized suspect classification subject to strict or intermediate constitutional scrutiny, such as race, national origin, illegitimacy, or gender. *See Tassian v. People,* 731 P.2d 672 (Colo.1987). We conclude that the statute is economic and social welfare legislation that does not infringe on any fundamental constitutional rights, and it is therefore subject only to the rational basis standard of due process and equal protection.

The purpose of workers' compensation is to protect employees injured in the course of their employment from becoming wards of the state by providing compensation for loss of earning capacity. *See Padilla v. Industrial Commission,* 696 P.2d 273 (Colo.1985). Suspending benefits to prisoners but not to others is consistent with that purpose. The disparate treatment of prisoners and non-prisoners is founded on real differences rationally related to the purposes of workers' compensation.

Prisoners have little, if any, opportunity for earning as compared to the general population, and payment of compensation would not prevent them from becoming wards of the state, because the state pays for their basic physical needs in prison. The exception permitting payment of permanent disability benefits assigned to prisoners' families is not arbitrary or irrational because prisoners' families may otherwise become wards of the state.

Although the statute does not eliminate workers' compensation benefits for all persons with no earning capacity and whose needs are paid for by the state, statutes do not violate due process or equal protection only because they are not drawn with mathematical precision and address some, but not all, aspects of a problem, or result in some inequality. *Orsinger Outdoor Advertising Co. v. Department of Highways,* 752 P.2d 55 (Colo.1988); *Dawson v. Public Employees' Retirement Ass'n,* 664 P.2d 702 (Colo.1983). We conclude that § 8–52–104.5 denies neither due process nor equal protection.

The order is affirmed.

MARQUEZ and RULAND, JJ., concur.