In the Matter of the DEATH OF
Harold WINTERS, Deceased.

Eileen WINTERS, Petitioner,

v.

The INDUSTRIAL CLAIM APPEALS OFFICE of the STATE OF COLORADO; Director, Division of Labor; Colorado Compensation Insurance Authority, and Bud Bothwell Lath and Plaster, Respondents.

No. 90CA1053.

Colorado Court of Appeals,
Div. V.

April 11, 1991.

Rehearing Denied May 9, 1991.

Certiorari Denied Oct. 28, 1991.

Steven U. Mullens, P.C., Steven U. Mullens, James A. May, Pueblo, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Michelle R. Magruder, Asst. Atty. Gen., Denver, for respondents Industrial Claim Appeals Office and Director, Div. of Labor.

Colorado Compensation Ins. Authority, John Berry, Denver, for respondents Colorado Compensation Ins. Authority and Bud Bothwell Lath and Plaster.

Opinion by Judge NEY.

Eileen Winters, the widow of Harold Winters, seeks review of a final order of the Industrial Claim Appeals Office (Panel) determining that the dependent's death benefits payable to her would terminate six years from the date that her deceased husband began receiving permanent total disability benefits. We affirm.

The facts are undisputed. Harold Winters sustained an admitted work-related injury in 1977. On March 27, 1981, he was determined to be permanently and totally disabled as a result of such injury. He died on June 28, 1986, of causes unrelated to his injury; thereafter, his wholly dependent widow sought death benefits.

The Administrative Law Judge (ALJ) determined that a dependent's right to death benefits is created by the death of the workers' compensation claimant and is wholly independent of that claimant's right to disablement benefits. Therefore, he concluded that such entitlement commences as of the date of death and continues thereafter for a period of six years. Hence, he awarded the widow the death benefits until June 28, 1992.

■ On review, the Panel set aside the order of the ALJ. It concluded that the plain language of the statute now codified as § 8–42–116(1), C.R.S. (1990 Cum.Supp.) (formerly § 8–50–112(1), C.R.S. (1986 Repl. Vol. 3B)) awards to the dependent only the unpaid and unaccrued *portion* of permanent total disability benefits which the claimant would have received for six years. Thus, it modified the ALJ's order to award death benefits only to March 27, 1987, *i.e.*, six years from the date the permanent disability award had been made.

Petitioner asserts that her entitlement to death benefits commenced as of the date of her husband's death. She argues that such a construction of § 8–42–116(1) is consistent with the legislative intent to prevent the dependents of injured workers from becoming destitute and is necessary to avoid an absurd result. We disagree.

Section 8–42–116(1) provides in pertinent part:

"If death occurs to an injured employee, other than as a proximate result of an injury, before disability indemnity ceases and the deceased leaves persons wholly dependent upon him for support, death benefits shall be as follows:

(a) Where the injury proximately caused permanent total disability, the death benefit shall consist of the unpaid and unaccrued portion of the permanent total disability benefit which the employee would have received had he lived until he had received compensation at his regular rate for a period of six years."

■ A statute should be construed in a manner that gives effect to the legislative purpose underlying its enactment. *Allee v. Contractors, Inc.*, 783 P.2d 273 (Colo. 1989). To determine legislative intent, a court is required first to look at the statutory language, and words and phrases are to be given their plain and obvious meaning. *People v. District Court*, 713 P.2d 918 (Colo.1986). We must also consider the results of an urged construction. *People in Interest of K.M.J.*, 698 P.2d 1380 (Colo. App.1984).

■ We agree with the Panel's construction of § 8–42–116(1). Generally, the disability benefits awarded to an employee and death benefits awarded to an employee's dependents are entirely independent of one another. *State Compensation Insurance Fund v. Industrial Commission*, 724

**544**

P.2d 679 (Colo.App.1986). However, the General Assembly has expressly limited the duration of benefits payable to the dependent of a deceased whose death does not proximately result from the work-related injury to that "unpaid and unaccrued portion of the [benefit] which the employee would have received had the employee lived until receiving compensation for a period of six years."

Under the construction proposed by the widow, it would be necessary to read the statute as if it provided for benefits to continue "for a period of six years *from the date of death.*" However, the omission of this language from the statute and the inclusion of the phrase awarding the portion of benefits "unpaid and unaccrued ... had the employee lived" lead us to conclude that such a construction was not intended. *See Campion v. Barta Builders*, 780 P.2d 23 (Colo.App.1989). Further, in the absence of such express language, we are persuaded that it works an unfairness against the employer to provide continuing benefits for an additional six years beyond death in all cases in which the death was not caused by the injury.

Our conclusion is further supported by a review of the legislative history of the related provisions of §§ 8–42–114 and 8–42–115(1)(b), C.R.S. (1990 Cum.Supp.). Until the mid–1970's, benefits awarded to a dependent when death proximately resulted from a work-related injury were limited to a maximum period of "six years from the date of death" and were also subject to a maximum ceiling. *See* 1965 Perm.Supp., C.R.S.1963, §§ 81–11–3 and 81–11–11(1)(c); *Schenfeld v. Shaffer*, 29 Colo.App. 425, 487 P.2d 818 (1971). In 1973, the language creating such limits was deleted from the predecessor of § 8–42–115(1)(b), and in 1975, it was deleted from § 8–42–114. *See* Colo.Sess.Laws 1973, ch. 271, § 81–11–11(1)(c) at 945, and Colo.Sess.Laws 1975, ch. 71, § 8–50–112 at 300. The previous inclusion of such language in contrast to its past and current omission from § 8–42–116 persuades us that its omission was intentional.

 Therefore, we conclude that when a permanently totally disabled workers' compensation claimant dies from causes not proximately related to his industrial injury, the duration of benefits payable to a dependent of such claimant is limited to a period of six years from the date that the claimant started receiving permanent total disability benefits.

Order affirmed.

PLANK and HUME, JJ., concur.