**CITY AND COUNTY OF DENVER, Petitioner,**

v.

**INDUSTRIAL CLAIM APPEALS OF-FICE of the State of Colorado and Hilario Vasquez, Respondents.**

**No. 03CA0804.**

Colorado Court of Appeals, Div. III.

Aug. 12, 2004.

Cole Finegan, City Attorney, Olivia L. Hudson Smith, Assistant City Attorney, Denver, Colorado, for Petitioner.

Ken Salazar, Attorney General, Y.E. Scott, Assistant Attorney General, Denver, Colorado, for Respondent Industrial Claim Appeals Office.

Irwin & Boesen, P.C., Joseph J. Fraser, III, Denver, Colorado, for Respondent Hilario Vasquez.

Opinion by Judge KAPELKE.

The sole issue in this appeal is whether Hilario Vasquez (claimant) is required to repay workers' compensation benefits he received from the City and County of Denver (employer) while he was a resident of a community corrections program. We conclude that § 8–42–113(1), C.R.S.2003, which mandates the suspension of benefits during confinement in a jail, prison, or department of corrections (DOC) facility, does not apply and that claimant therefore is not required to repay the benefits. Accordingly, we affirm the final order of the Industrial Claim Appeals Office (Panel).

In May 2000, claimant suffered an admitted low back injury. Employer filed a final admission of liability (FAL) on February 12, 2002, based on the treating physician's impairment rating, and paid claimant medical impairment benefits over the next two months.

Unbeknownst to employer, claimant was convicted of a felony and, on February 11, 2002, received a six-year community corrections sentence. Claimant was immediately taken into custody and confined in a county detention facility until bed space became available in community corrections. On February 15, however, when a bed became available, he was admitted to a privately-owned community corrections program that leased space at the county detention facility. Thus, defendant remained housed at the detention center; however, as the Panel notes, "claim-

ant did not experience the same restrictions imposed on inmates of the jail, and was at liberty to leave the premises to go to work."

The community corrections program required claimant to maintain full-time employment with a specified employer, which provided sheltered employment. Claimant was thus employed from February 14 to March 27, 2002. Thereafter, however, he was unable to continue working because of his industrial injury.

Employer requested repayment of the benefits paid to claimant, alleging that he was not entitled to receive them while he was residing in the county detention facility. The administrative law judge (ALJ) determined that residency in the county detention building pursuant to a community corrections program is equivalent to confinement in jail and that, therefore, pursuant to § 8–42–113(1), claimant was ineligible to receive benefits. Accordingly, the ALJ ordered that claimant repay the benefits.

Upon review, the Panel set aside the ALJ's order and held that claimant was not required to repay the benefits.

 Employer contends that the Panel misinterpreted § 8–42–113(1) in holding that the statute does not act as a bar to claimant's receipt of workers' compensation benefits. We disagree.

Section 8–42–113(1) provides that "any individual who is otherwise entitled to benefits under [the Workers' Compensation Act] shall neither receive nor be entitled to such benefits for any week following conviction during which such individual is confined in a *jail, prison, or any department of corrections facility*" (emphasis added). *Salazar v. Hi-Land Potato Co.*, 917 P.2d 326 (Colo.App. 1996); *see* § 8–42–113(1.5)(b), C.R.S.2003 (individual who is ineligible must repay the employer for any workers' compensation benefits received while not eligible).

 We must give effect to the legislative intent by applying the plain language of the statute. Only if a statute is ambiguous should we resort to other principles of construction. *Davison v. Indus. Claim Appeals Office*, 84 P.3d 1023 (Colo.2004). In our view, the terms "jail," "prison," and "department of corrections facility" are not ambiguous.

Section 17–27–102(3), C.R.S.2003, defines the term "community correction program" as "a community-based or community-oriented program that provides supervision of offenders." That statute also provides that such a program "shall be operated by a unit of local government, the [DOC], *or* any private individual, partnership, corporation, or association" and may provide residential or nonresidential supervision of offenders. Section 17–27–102(3) (emphasis added); *People v. Benz*, 983 P.2d 117 (Colo.App.1999), *aff'd*, 5 P.3d 311 (Colo.2000); *see also* § 17–27–101, C.R.S. 2003 (community corrections programs are a "collaboration between the state of Colorado and local units of government").

Further, we note that community corrections programs are specifically excluded from the definition of a minimum security DOC facility. Section 17–25–101(2), C.R.S.2003; *see People v. Hoecher*, 822 P.2d 8, 11 (Colo.1991)(community corrections is "more severe than probation, but not as harsh as a sentence to imprisonment in a correctional facility under the control of the [DOC]").

Accordingly, because a community corrections program is not a "jail, prison, or any [DOC] facility," it does not fall within the suspension of benefits provision of § 8–42–113(1).

Here, it is undisputed that the county detention facility in which claimant was originally housed is a jail. *See* § 16–11–308.5(1.5), C.R.S.2003. Claimant had not received a jail sentence, however, and he was only temporarily lodged in that facility for a few days until bed space in the community corrections program became available. Under these circumstances, the Panel correctly determined that claimant was not "confined in a jail," within the meaning of § 8–42–113(1), during the period at issue here. Accordingly, he was not barred from receiving workers' compensation benefits for that period.

The order of the Panel is affirmed.

Judge ROY and Judge CARPARELLI concur.