Robert LANDEROS, Petitioner,

v.

INDUSTRIAL CLAIM APPEALS OF-FICE of the State of Colorado; CF & I Steel LP, d/b/a Rocky Mountain Steel Mills; and Sedgwick Claims Management Services, Inc., Respondents.

No. 08CA0618.

Colorado Court of Appeals, Div. II.

April 16, 2009.

Certiorari Denied Aug. 17, 2009.

Koncilja & Koncilja, P.C., Lawrence D. Saunders, Robert D. Baumberger, Pueblo, Colorado, for Petitioner.

John W. Suthers, Attorney General, Laurie Rottersman, Assistant Attorney General, Denver, Colorado, for Respondent Industrial Claim Appeals Office.

Katherine Lee & Associates, LLC, Katherine Markheim Lee, Jeffrey M. Erickson, Denver, Colorado, for Respondents CF & I Steel LP and Sedgwick Claims Management Services, Inc.

Opinion by Judge CARPARELLI.

In this workers' compensation proceeding, Robert Landeros (claimant) seeks review of the final order issued by the Industrial Claim Appeals Office (Panel) denying and dismissing his petition to reopen as untimely. We affirm.

Any person who would otherwise be entitled to workers' compensation benefits may not receive and is not entitled to such benefits for any week following conviction during which he or she is confined in a jail, prison, or any Department of Corrections facility. § 8–42–113(1), C.R.S.2008. At issue here is the application of section 8–42–113(2), C.R.S. 2008, which states that when a person is released from confinement, he or she must be "restored to the same position with respect to entitlement to benefits" as he or she "would otherwise have enjoyed at the point in time of [his or her] release from confinement." Claimant contends that this provision tolls the running of the six-year period during which an administrative law judge (ALJ) may review and reopen an award. We conclude otherwise.

## I.

Claimant was injured in 1998 while employed by CF & I Steel LP (employer). Claimant received his last medical benefit on September 28, 2001, and his last indemnity payment on April 10, 2001. His claim closed on February 14, 2002, and the closure became final on March 6, 2002.

Claimant was sentenced to prison on September 20, 2002, and was in the custody of the Colorado Department of Corrections from November 2002 until February 1, 2007, when he was released on parole.

On June 29, 2007, claimant filed a petition to reopen his award together with an application for hearing. The ALJ granted summary judgment to employer, concluding that claimant's petition to reopen was time barred under section 8–43–303, C.R.S.2008, because it was filed more than six years after the date of the injury and more than two years since the last medical or disability benefits became due and payable. The Panel affirmed, concluding that section 8–42–113(2) did not toll the statute of limitations while claimant was in prison.

## II.

Our primary task in construing a statute is to give effect to the intent of the General Assembly. *Williams v. Kunau,* 147 P.3d 33, 38 (Colo.2006). When reviewing any provision of a statute, we consider the statutory scheme as a whole to give consistent, harmonious, and sensible effect to all its parts, give words and phrases their plain and ordinary meaning, and resort to principles of construction only when a statute is ambiguous. *Bd. of County Comm'rs v. Costilla County Conservancy Dist.,* 88 P.3d 1188, 1192–93 (Colo. 2004); *City & County of Denver v. Indus. Claim Appeals Office,* 98 P.3d 969, 970 (Colo. App.2004).

## III.

Section 8–43–303(1), C.R.S.2008, provides that, subject to an exception not applicable here, the director or an ALJ may, within six years after the date of injury, review and reopen any award on the ground of fraud, an overpayment, an error, a mistake, or a change in condition. In addition, within two years after the date the last temporary or permanent disability benefits or dependent benefits excluding medical benefits become due or payable, an ALJ may review and

reopen an award on the ground of fraud, an overpayment, an error, a mistake, or a change in condition. § 8–43–303(2)(a), C.R.S. 2008.

Section 8–42–113(1) states that persons who are confined in prison may not receive and are not "entitled to benefits" under articles 40 to 47 of the Workers Compensation Act of Colorado (the Act). Section 8–42–113(2) states that a person who was not entitled to workers' compensation benefits during his or her incarceration must be "restored to the same position *with respect to entitlement to benefits*" as he or she "would otherwise have enjoyed at the point in time of [his or her] release from confinement." (Emphasis added.)

## IV.

The purpose of the Act is to assure the quick and efficient delivery of disability and medical benefits to injured workers. § 8–40–102(1), C.R.S.2008. Article 42 establishes the benefits available under the Act, including medical care, payment for such care, disability compensation, and payment of death benefits to survivors of deceased workers. Consistent with this meaning, section 8–42–113(1) provides that a prisoner may not "receive" benefits and is not "entitled to" benefits. This is so, at least in part, "to remedy the perceived unfairness of requiring employers and insurance carriers to pay benefits as compensation for lost earning capacity to persons who have no earning capacity because their imprisonment has removed them from the work force." *Wood v. Beatrice Foods Co.*, 813 P.2d 821, 823 (Colo.App. 1991).

Ascribing to the phrase "restored to the same position with respect to entitlement to benefits," as used in section 8–42–113(2), a meaning that is consistent with the use of the same terms in section 8–42–113(1) and the Act as a whole, we conclude that under section 8–42–113(2), upon release from prison, a claimant may again receive medical, disability, and death benefits under the Act.

To the extent that claimant's contention assumes that the right to seek to reopen an award under section 8–43–303 is a benefit

within the meaning of Article 42, we conclude otherwise. The ability to reopen is established in Article 43 of the Act, which describes the procedures for notices, reports, settlement, hearings, petitions for review, enforcement, and penalties. Thus, section 8–43–303 provides a procedure, not a benefit. Nothing in either Article 42 or 43 provides authority for tolling the limitation periods provided in section 8–43–303 while a claimant is in prison.

We also reject claimant's assertion that we should consider the effect of this interpretation on taxpayers and insurance companies. Such considerations are the province of the General Assembly and are neither necessary nor appropriate here.

The order is affirmed.

Judge TAUBMAN and Judge CONNELLY concur.