No. 15,919.

Moffat Coal Company et al. *v.* McFall et al.

(186 P. [2d] 1021)

Decided September 22, 1947.   Rehearing denied November 3, 1947.

Mr. Forrest C. Northcutt, for plaintiffs in error.

Mr. H. Lawrence Hinkley, Attorney General, Mr. Duke W. Dunbar, Deputy, Barbara Lee, Assistant, for defendants in error.

Mr. Justice Hays delivered the opinion of the court.

This is a proceeding under the Workmen's Compensation Act.

On July 26, 1943, Steve Patrick McFall, a coal miner, sustained an accident in the course of his employment,

and as a proximate result thereof, died on January 8, 1946, more than two years after the date of the accident. The commission awarded benefits to the dependents of deceased; thereupon, the Moffat Coal Company, decedent's employer, and the Employers' Mutual Insurance Company, the insurer, brought this action in the district court to modify the award of the commission by striking therefrom the requirement that the dependents be paid certain monthly benefits beginning January 1st, 1946. The court sustained the award of the commission.

The sole question involved herein is whether or not the dependents are entitled to said benefits under the applicable statute. Section 342, chapter 97, '35 C.S.A., provides: "In case death proximately results from the injury *within a period of two (2) years*, the benefits shall be in the amounts and to the persons following:" Then follows basis of payment not material herein.

■ The essential facts are not disputed. They are: that McFall was employed by Moffat Coal Company; that he sustained an accident in the course of his employment; that death proximately resulted from said accident; and that if the dependents are entitled to any benefits, the amount awarded was proper.

The above statute provides in simple and unambiguous language that in order that dependents be entitled to receive benefits, death must occur within a period of two years from the date of the injury.

■ It is contended by dependents that the act should be construed and considered as whole and, if possible, every section thereof harmonized and given effect. This is familiar law and requires no citation of authority to support it, but the rule is not applicable here. They do not seek to have various sections of the act harmonized. They ask, in effect, that that part of the statute be deleted, and that the words "within a period of two (2) years" be entirely disregarded.

We cannot, under the guise of harmonizing various sections of the statute or by employment of rules of con-

struction, ignore the provisions of legislative enactments which are clear and unambiguous.

The judgment of the district court is reversed and the cause remanded with instructions to direct the Industrial Commission to amend its award in conformity herewith.

Mr. Chief Justice Burke, Mr. Justice Stone and Mr. Justice Jackson dissent.

Mr. Justice Stone dissenting.

By the majority opinion, when death results from accident to an injured employee more than two years after the date of injury, his dependents have no right to compensation.

1. Such construction of the Workmen's Compensation Act offends against our sense of social justice and is destructive of the very purpose of the act. Employee was killed in an industrial accident. Lives, as well as materials, are consumed in industry. Where dependents suffer loss, compensation for a life consumed should be an obligation at least equal to that for mine props and explosives, and so to provide is a basic purpose of the statute. Compensation to the entire family of dependents for six years at the rate allowed to a single old-age pensioner for life, is surely not excessive and the conclusion that even such allowance should be denied in the event the disabled breadwinner endures his suffering for two years before his resulting death, speaks its own condemnation.

2. Such construction of the statute produces an absurd and illogical result. Under sections 64 and 65 of the act (sections 343, 344, c. 97, '35 C.S.A.) there is no such time limitation in case of death of the injured employee from an independent cause, and by this decision it becomes the law of this state that if an employee who survives his accident for two years, dies from some cause other than the accident, his dependents may re-

cover; while if he dies as a result of the accident, they receive nothing. While the determination of compensation is a matter of legislative, not judicial cognizance, we have said of this statute that, "The act is highly remedial, beneficent in purpose, and to be liberally construed" (*Industrial Commission v. Johnson,* 64 Colo. 461, 172 Pac. 422), and have quoted as with approval the declaration of a sister court that the act should be liberally interpreted, to the end that the purpose of the legislature be promoted "even to the inclusion of cases within the reason although outside the letter of the statute." (*Industrial Commission v. Aetna Co.,* 64 Colo. 480, 174 Pac. 589.) Such an absurd and unjust legislative intent should not be found by the court unless we are compelled thereto by unescapable statutory mandate.

3. Such construction is contrary to the explicit provisions of section 54 of the statute (sec. 333, c. 97, '35 C.S.A.). The majority opinion is based on section 63 of the act (sec. 342, c. 97, '35 C.S.A.), the initial paragraph of which reads: "In case death proximately results from the injury within a period of two (2) years, the benefits shall be in the amounts and to the persons following:", and the majority opinion holds that this is equivalent to an express condition that death must result within that period to entitle dependents to receive benefits. I cannot agree with such holding. The statutory provision for benefits under one set of circumstances, does not even by implication exclude right to benefits under other circumstances. If the right of recovery by dependents under the statute is restricted to cases where death occurs within two years, such restriction must be found, not in any specific limitation of section 63, but in failure of the legislature elsewhere to provide affirmatively for such benefit in other cases.

In our original Workmen's Compensation Act, chapter 179, S.L. 1915, section 15 contained the substance of the present sections 63, 64 and 65. Under the original act there is no provision for compensation other than is now

provided in those three sections, and were recovery here sought under the 1915 act no affirmative provision for such benefit might be found. However, such incomplete protection by the act may well have come to the attention of the legislature. In any event, when the act was amended two years later, there was inserted a new and broader provision, the substance of which upon further revision became section 54, chapter 210, Session Laws of 1919, reading as follows: "In case of death, the dependents of deceased entitled thereto, shall receive as compensation or death benefits fifty percent (50%) of the deceased employe's average weekly wages not to exceed a maximum of (Ten Dollars) $10.00 per week and not less than a minimum of Five Dollars ($5.00) per week, for a period not to exceed six years from the date of the death of the injured employe, less any sums paid to the employe prior to his death as compensation for his disability as in this act provided." This section has since been three times reenacted by the legislature in identical language except for increased amounts of maximum and minimum payments by section 2, chapter 200, S.L. 1923; section 4, chapter 186, S.L. 1929; and section 2, chapter 232, S.L. 1947. In each of these acts, sections 63, 64, and 65 have likewise been reenacted with change only in the total amounts allowable thereunder. Section 54 sets out a formula for benefits equally definite to that set out in section 63 and that set out in section 64. Section 54 was certainly not repealed be section 63 since it was inserted in the statute at a later date and has been specifically reenacted with every revision of the statute. It is not restricted by section 63; the former was a later enactment and the latter does not purport to be exclusive. Under the plain and unambiguous provision of section 54 dependents in this case are entitled to recovery.

4. Such construction is not in harmony with prior decision of this court. In *McBride v. Industrial Commission*, 97 Colo. 166, 49 P. (2d) 386, employee died more than two years after date of accident. The main issue raised

in that case was that of dependency of the widow and. minor child. However, it appears from the record that in its award the Industrial Commission found that the employee died as the result of the accident; and several attorneys representing companies specializing in workman's compensation insurance there appeared as amici curiae and in their brief called attention of the court to the fact that death occurred more than two years after date of injury, and to the provisions of section 63 and 54 and urged the question of the proper construction of those sections and the right of dependents to recover where death occurred as a result of accident more than two years after date of injury. There it was not even contended by counsel that by proper construction of the act the dependents should have no recovery whatever, but rather that the recovery should be in accordance with sections 62 and 63, instead of section 54. To this contention answer was filed and the matter was brought to the attention of the court and without mention of the argument we held the dependents there entitled to compensation.

For the above reasons it is my opinion the award of the commission and judgment of the district court should be affirmed.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE JACKSON concur in this dissent.