**In the Matter of the Petition of A.T.M., Appellant,**

**and**

**M.E. and L.E., Appellees,**

**and**

**Adoption Choices of Colorado, Respondent–Appellee,**

**and**

**Concerning S.C.M., a Child.**

No. 09CA1970.

Colorado Court of Appeals, Div. A.

March 25, 2010.

Rehearing Denied April 22, 2010.

Pamela K. Streng, Esq., P.C., Pamela K. Streng, Georgetown, Colorado, for Appellant.

Wedgle & Kukreja, P.C., Rajesh K. Kukreja, Katherine O. Ellis, Denver, Colorado, for Appellees.

Beltz & West, P.C., W. Thomas Beltz, Colorado Springs, Colorado; Virginia L. Frank, P.C., Virginia L. Frank, Evergreen, Colorado, for Respondent–Appellee.

Opinion by Judge CONNELLY.

The parental rights of A.T.M. (mother) were terminated under a statute that allows parents to file expedited petitions to relinquish rights to children under one year old. § 19–5–103.5, C.R.S.2009. Mother filed an expedited relinquishment petition but sought to withdraw it before it was acted upon. The district court refused to allow the petition to be withdrawn and (over mother's objection) granted it. We conclude this was contrary to the statute, which grants finality only to relinquishment orders and not petitions. Accordingly, we reverse the termination order.

## I. Background

Mother was an unmarried twenty-year-old when she conceived a child with a man later incarcerated for assaulting her. During her pregnancy, mother was counseled by an adoption agency.

Mother gave birth to a daughter on June 18, 2009. The next day, she signed an affidavit of voluntary relinquishment. On June 25, mother's attorney filed (1) an expedited petition for relinquishment and (2) a motion to hold the relinquishment order in abeyance. The motion stated that mother did not want to lose parental rights until the "estranged" father's rights were terminated.

On the same day mother filed the petition and motion, the agency petitioned to terminate the incarcerated father's parental rights. Meanwhile, the child was placed (and remains) out of state with prospective adoptive parents.

On June 30, the court granted mother's motion to hold her petition in abeyance pending resolution of father's parental rights. Father subsequently notified the court that he would contest the requested termination of his parental rights.

On July 24, mother moved to withdraw her relinquishment petition and for the "emergency forthwith" return of her child. The motion stated that mother had "given serious consideration to this situation and ha[d] made the careful decision to parent her child."

The court granted that motion that same day, ordering the child's "immediate return" to mother. Three days later, mother filed an emergency petition for a writ of habeas corpus because the agency had refused to return the child. The prospective adoptive parents moved to intervene and asked the court to stay and vacate its order allowing mother's petition to be withdrawn and requiring the child's return.

The court stayed its July 24 order, and held a hearing on July 31. Mother appeared with counsel, as did the prospective adoptive parents. Father participated by phone; the court terminated his parental rights, and father has not appealed.

The court denied mother's motion to withdraw the petition. It found that mother had received sufficient counseling, had made the decision to relinquish voluntarily and not as the result of any duress, and had known that she could not revoke the petition once it was filed. After finding that relinquishment would serve the child's bests interests, the court "grant[ed mother's] petition for relinquishment" and gave the agency legal custody of the child.

Mother has appealed. Appellees are the agency and the prospective adoptive parents.

## II. Discussion

Mother raises several appellate issues, but one is dispositive. Construing the statute de novo, *see Moffett v. Life Care Centers*, 219

P.3d 1068, 1072 (Colo.2009), we hold it does not preclude withdrawal of a relinquishment petition prior to actual entry of an order terminating parental rights.

### A. Statutory Overview

Section 19–5–103.5 was added to the Children's Code in 2003. A hearing formerly was required in all relinquishment cases. § 19–5–103(3) & (7)(a), C.R.S.2009. Now, however, parents seeking to relinquish children less than one year old "may seek an expedited order terminating [their rights] without the necessity of a court hearing." § 19–5–103.5(1)(a), C.R.S.2009.

An expedited relinquishment petition must be accompanied by a parent's affidavit detailing compliance with statutory procedures. § 19–5–103.5(1)(a) & (b), C.R.S.2009. A court then "may vacate the hearing [otherwise] required" and enter a relinquishment order "without a hearing, no more than seven business days after the date of the filing of the petition for relinquishment and the accompanying affidavit." § 19–5–103.5(1)(c), C.R.S.2009. But, to grant a relinquishment petition, a court must make the same findings—that counseling was provided, that the parental decision is knowing and voluntary, and that relinquishment would serve the child's best interests—required in non-expedited cases. § 19–5–103.5(1)(c) (requiring findings set forth in § 19–5–103(7)(a)).

### B. Analysis

Cases such as this one are particularly difficult because the competing interests—those of the young mother who carried and gave birth to the child, those of the prospective adoptive parents who have raised the child during crucial early months of her life, and of course those of the child herself—all merit great respect. The absence of easy answers is shown by the fact that legislatures around the country differ regarding when, and under what circumstances, a birth parent can withdraw a prior consent to relinquish a child for adoption. *See generally* Catherine Sakach, Note, *Withdrawal of Consent for Adoption: Allocating the Risk*, 18 Whittier L.Rev. 879 (1997); Gary D. Spivey, Comment Note, *Right of Natural Parent to Withdraw Valid Consent to Adoption of Child*, 74 A.L.R.3d 421 (1976).

■ Ultimately, however, it is for our legislature to make the broad policy decisions on how best to balance those interests. The issue we must decide is whether the General Assembly has precluded birth parents from withdrawing expedited relinquishment petitions. We conclude it has not.

Appellees' contention that expedited petitions are irrevocable is founded upon section 19–5–103.5(1)(b)(I), C.R.S.2009, which they call a "statutory proscription against withdrawal of [a] petition." One sentence in this subsection states that "[t]he affidavit shall also advise the relinquishing parent that he or she may withdraw the affidavit anytime after signing it but before the affidavit and petition are filed with the court." *Id.* A second sentence effectuates this advice by allowing the parent to "withdraw the affidavit from the child placement agency or county department of social services ... any time after signing it but before the affidavit and petition are filed with the court." *Id.*

We discern no "statutory proscription against withdrawal" of an expedited petition. Rather, the provisions relied on by appellees cover withdrawal of an *affidavit* filed with the agency or department rather than withdrawal of a *petition* filed with a court. Moreover, while granting an absolute right to withdraw an affidavit any time before it and the petition are filed, it is only by negative inference that the statute could be read to preclude later withdrawal.

In essence, appellees are asking us to construe the statute more broadly than required by its plain terms. For several reasons, we decline the request.

■ First, the "[t]ermination of parental rights is a decision of paramount gravity affecting a parent's fundamental interest in the care, custody and management of his or her child." *K.D. v. People*, 139 P.3d 695, 700 (Colo.2006); *see also Troxel v. Granville*, 530 U.S. 57, 65, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000) (parents' right to "care, custody, and control of their children" is "perhaps the oldest of the fundamental liberty interests recognized by this Court"). We must assume that if the legislature intended to make the termination decision irrevocable upon filing of a petition, it would have said so expressly.

Second, a court entering a relinquishment order must find the "parent's decision to relinquish *is* knowing and voluntary." § 19–5–103(7)(a)(II), C.R.S.2009 (emphasis added), *incorporated in* § 19–5–103.5(1)(c). The present tense phrasing suggests that the relinquishment decision must still be voluntary at the time the order is entered. But a court could not possibly make such a finding if it then knew the parent was objecting to relinquishment.

Third, appellees concede an expedited petition may be withdrawn in some cases, as where the parent's affidavit was executed under duress or procured by fraud. They would have us accord the same finality to an expedited petition as to the order itself. *See* § 19–5–104(6), C.R.S.2009 ("an order of relinquishment is final and irrevocable" except as provided in subsection (7)); § 19–5–104(7)(a), C.R.S.2009 ("A relinquishment may be revoked only if, within ninety days after the entry of the relinquishment order, the relinquishing parent establishes by clear and convincing evidence that such relinquishment was obtained by fraud or duress.").

There is no statutory basis for according the same finality to a petition itself as to the order granting it. We recognize the petition filed in this case contained standard language that mother understood she could not change her mind about relinquishment after the petition was filed. This may serve as a salutary warning to parents filing expedited petitions, given that such petitions must be acted upon quickly and typically are granted without further notice or hearing. *See* § 19–5–103.5(1)(c). But until the petition is actually granted, nothing in the statute makes it irrevocable.

Finally, this would be a particularly troublesome case for adopting a rule that expedited petitions became irrevocable upon filing. Though mother filed an expedited petition, she simultaneously moved to hold any relinquishment order in abeyance pending resolution of the father's rights. Thus, from the outset, it was apparent that this was not a true expedited relinquishment case. Then, only a month later, before the petition had been acted on and well after the statutory deadline for acting upon an expedited petition, the court granted mother's motion to withdraw her petition. It should not later have reinstated—and granted—the petition over mother's objection.

Appellees respond that mother "should have filed a standard petition for relinquishment, not an expedited petition for relinquishment." We agree that mother's initial filings invoked the wrong statutory section for accomplishing her stated goals. Had she filed a non-expedited petition, no one disputes she would have been free to withdraw it any time prior to a court order granting it. We decline to hold that this procedural misstep forfeited mother's parental rights.

### III. Conclusion

The order terminating mother's parental rights is reversed, and the case is remanded for further proceedings consistent with this opinion.

Judge PLANK * and Judge ROTHENBERG *, concur.