June Marie SIFTON, Plaintiff–Appellant and Cross–Appellee,

v.

STEWART TITLE GUARANTY COMPANY, Defendant–Appellee and Cross–Appellant.

No. 10CA1137.

Colorado Court of Appeals, Div. II.

June 9, 2011.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2010.

Terence J. Quinn, Eagle, Colorado, for Plaintiff–Appellant and Cross–Appellee.

Wolf & Associates, P.C., Daniel F. Wolf, Tyler J. Voboril, Vail, Colorado, for Defendant–Appellee and Cross–Appellant.

Opinion by Judge WEBB.

This case presents an unresolved question of Colorado law: If a respondent releases a contested lien or document before the show cause hearing under section 38–35–204 of the Spurious Liens and Documents statute, section 38–35–201, et seq., C.R.S.2010, must the trial court still hold a hearing to resolve the respondent's liability for attorney fees?

Here, the trial court dismissed the action of plaintiff, June Marie Sifton, and declined to award attorney fees because respondent, Stewart Title Guaranty Company, had voluntarily released its contested deeds of trust shortly before the show cause hearing. We agree with the trial court that Sifton was not entitled to a hearing on attorney fees under this statute, and thus affirm that portion of the judgment. Nevertheless, we remand to determine whether Sifton was entitled to attorney fees under section 13–17–102, C.R.S. 2010.

## I. Background

Sifton filed this action to have two deeds of trust that encumbered her property, on which she asserted her signature had been forged, declared spurious and released. The deeds of trust were originally for the benefit of two of Stewart Title's insureds and had been assigned to Stewart Title. The proceedings lasted almost a year, for reasons that are disputed. The trial management order stated that the signatures were forged. Shortly before the show cause hearing date, Stewart Title deposed Sifton, next released both deeds of trust, and then moved to vacate the show cause hearing. Sifton responded that despite the release, the court should determine whether the deeds of trust had been spurious as recorded, and if so award her attorney fees. She also requested attorney fees under section 13–17–102, alleging that Stewart Title had "unnecessarily expanded the proceedings" by not promptly investigating the alleged forgeries.

The court agreed with Stewart Title and concluded:

- Relief under section 38–35–204 "can only be granted if there is a recorded or filed lien or document at the time of the show cause hearing."

- "The court does not have any statutory authority or other basis to hold a show cause hearing in this matter."

- "The court cannot order and decree the release of the [deeds of trust] ... because [they] have already been voluntarily released."

It dismissed the case without addressing Sifton's attorney fees claim under section 13–17–102.

## II. Section 38–35–204

■ Sifton first contends the trial court erred by not conducting a hearing despite release of the deeds of trust, because she would have been entitled to attorney fees under section 38–35–204 had the court determined that the deeds of trust were spurious as recorded. We do not interpret the statute to require a hearing or permit an attorney

fees award after the challenged lien or document has been released.

We interpret statutes de novo, looking first to the plain language to determine legislative intent. *Granite State Ins. Co. v. Ken Caryl Ranch Master Ass'n*, 183 P.3d 563, 567 (Colo. 2008). If the meaning is clear, we apply the statute as written. *Wells Fargo Bank v. Kopfman*, 226 P.3d 1068, 1072 (Colo.2010). Where we conclude that the language is susceptible to only one reasonable interpretation, we do not consider extrinsic aids to construction. *Dep't of Transp. v. Gypsum Ranch, Co.*, 244 P.3d 127, 131 (Colo.2010).

Section 38–35–204(1) authorizes an action by any person "whose real or personal property is affected by a recorded or filed lien or document" to release a spurious lien or document. It provides for issuance of "an order to show cause why the lien or document should not be declared invalid." The issuing court determines spuriousness "following the hearing on the order to show cause," section 38–35–204(2), and "award[s] the costs and attorneys fees associated with such an action to the prevailing party." *Kerns v. Kerns*, 53 P.3d 1157, 1164 n. 6 (Colo.2002).

As Sifton correctly points out, these provisions neither suggest that a lien or document "loses its spurious nature if it is released prior [to] the show cause hearing," nor expressly preclude an attorney fees award because the lien or document was released before the show cause hearing. Nevertheless, based on the following plain language of section 38–35–204, we reject Sifton's interpretation:

> (2) *If,* following the hearing on the order to show cause, the court determines that the lien or document *is* a spurious lien or spurious document, the court shall make findings of fact and enter an order and decree declaring the spurious lien or spurious document and any related notice of lis pendens invalid, *releasing the recorded or filed spurious lien or spurious document, and* entering a monetary judgment in the amount of the petitioner's costs, including reasonable attorney fees, against any respondent and in favor of the petitioner
> . . . .

> (3) *If,* following the hearing on the order to show cause, the court determines that the lien or document *is not* a spurious lien or spurious document, the court shall issue an order so finding and enter a monetary judgment in the amount of any respondent's costs, including reasonable attorney fees, against any petitioner and in favor of the respondent.

§ 38–35–204(2)–(3) (emphasis added); *see* C.R.C.P. 105.1 (procedural mechanism for proceeding under section 38–35–204).

First, use of the conditional word "if," followed by the temporal word "is," in both sections indicates that the trial court's determination must involve a lien or document still affecting title to property at the time of the hearing. Although "[w]ords in the present tense include the future tense," § 2–4–104, C.R.S.2010, Sifton has not cited authority, nor are we aware of any in Colorado, that present tense language applies to past events. Several cases hold to the contrary. *See People v. Perry*, 252 P.3d 45, 48–49 (Colo. App.2010) ("use of the words 'is convicted' was a deliberate decision to speak in the present tense, rather than referring to persons who had been previously convicted"); *In re A.T.M.*, 250 P.3d 703, 705–06 (Colo. App.2010) ("present tense phrasing suggests that the relinquishment decision must still be voluntary at the time the order is entered"); *Fendley v. People*, 107 P.3d 1122, 1125–26 (Colo.App.2004) ("use of the present tense . . . refers to any person currently required to register in the state of conviction"); *see generally United States v. Wilson*, 503 U.S. 329, 333, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992) ("use of a verb tense is significant in construing statutes").

Further, had the General Assembly intended for a court to determine the spuriousness of a lien or document that no longer affected title at the time of the hearing, it would not have used present tense language. For example, section 38–35–109(3), C.R.S. 2010, imposes liability on "[a]ny person who offers to have recorded or filed" invalid liens or documents, without a present tense limitation. *Cf. People v. Jaramillo*, 183 P.3d 665, 671 (Colo.App.2008) (because General Assem-

bly "clearly knew how to do so ... we must respect [its] choice of language").

Second, if a court determines that a lien or document is spurious, it must enter an order: "declaring the spurious lien or spurious document ... invalid, releasing the recorded or filed spurious lien or spurious document, *and* entering a monetary judgment ... including reasonable attorney fees ...." § 38–35–204(2) (emphasis added). As with the statute's present tense language, the requirement that the order release the offending lien or document also suggests the need for a present effect on title.

In addition, use of the comma, rather than "or," between "invalid" and "releasing" indicates that the General Assembly contemplated awarding attorney fees only as to a lien or document that had been declared spurious *and* released.[1] But where, as here, the contested lien or document has already been released, the order could not include this component. Had the General Assembly intended a remedy that would not be mooted by release, it could have provided for "expunging" the spurious lien or document from the records, as it has with other types of documents. *See, e.g.,* §§ 19–3–313.5, 19–3–505, 42–2–121, C.R.S.2010.

Sifton's assertion that despite having been released, the deeds of trust remain in her chain of title does not persuade us otherwise. She cites no authority, nor are we aware of any in Colorado, that a released deed of trust continues to affect property. On the contrary, an instrument "executed for the purpose of releasing any lien or encumbrance against real property shall be considered only as discharging and cancelling such lien or encumbrance." § 38–35–119, C.R.S.2010.

 Third, the fee-shifting provision is contrary to the American Rule, which provides that parties to litigation bear their own attorney fees, absent a specific contractual, statutory, or procedural rule providing otherwise. *City of Wheat Ridge v. Cerveny,* 913 P.2d 1110, 1117 (Colo.1996). We narrowly

construe exceptions to the American Rule. *Crandall v. City & County of Denver,* 238 P.3d 659, 662 (Colo.2010). Thus, any doubt must be resolved against Sifton's interpretation because it would expand the circumstances under which attorney fees can be recovered. *See id.* (construing a fee-shifting statute narrowly, but finding "no words that suggest anything other than a mandatory award").

Finally, Sifton argues that our interpretation is inconsistent with the purpose of section 38–35–204 to afford owners the greatest protection against groundless clouds on their titles. *See Westar Holdings Partnership v. Reece,* 991 P.2d 328, 331 (Colo.App.1999). Section 38–35–204 provides a very expedited procedure for removing invalid liens. If a contested lien or document is voluntarily released before a show cause hearing, this objective has been achieved. However, Sifton's interpretation could slow this process by removing the incentive to avoid attorney fees by releasing the lien or document before the show cause hearing.

Here, because the proceeding became protracted and Stewart Title released the deeds of trust just days before the hearing, Sifton's position may afford owners greater protection than does our interpretation. But given the statutory language, her policy arguments are better addressed to the General Assembly. *See Mosley v. Indus. Claim Appeals Office,* 119 P.3d 576, 580 (Colo.App.2005).

Accordingly, we conclude that the trial court did not err by declining to hold a show cause hearing or award attorney fees after Stewart Title had released its deeds of trust. At oral argument, Stewart Title agreed that if we so concluded, we need not address its contingent cross-appeal seeking attorney fees under the statute.

### III. Section 13–17–102

Sifton next contends the trial court erred by declining to award attorney fees under section 13–17–102. Because the trial court

---

1. *See* § 2–4–101, C.R.S.2010 ("Words and phrases shall be ... construed according to the rules of grammar and common usage."); *Marcotte v. Timberlane/Hampstead School Dist.,* 143 N.H. 331, 733 A.2d 394, 400–01 (1999) ("According to

normal rules of English punctuation, the placement of commas between each element enumerated and before the conjunction, 'and,' generally dictates that the elements are to be read as a consecutive series of discrete items.").

did not address attorney fees under this section, we remand.

Initially, Stewart Title argues that Sifton failed to request attorney fees on this basis below. However, because she made such a request in her "Legal Memorandum" filed in response to Stewart Title's motion to dismiss the show cause hearing, we address her contention.

 In section 13–17–102, "[a]part from statutes expressly allowing attorney fee awards in particular classes of actions, the legislature has also provided for the recovery of attorney fees incurred as a result of unjustified litigation" *Allstate Ins. Co. v. Huizar*, 52 P.3d 816, 821 (Colo.2002). It requires a trial court to award attorney fees if the court determines that a party brought or defended a civil action that was frivolous, groundless, or vexatious. Such an award is an important sanction against an attorney or a party who improperly prolongs litigation. *City of Aurora v. Colo. State Eng'r*, 105 P.3d 595, 618 (Colo.2005).

 Here, although we have concluded that release of the contested liens or documents before the show cause hearing precludes an attorney fees award under section 38–35–204, this holding does not also preclude an award under section 13–17–102. In contrast to the limiting language in section 38–35–204, "[s]ection 13–17–101 is broadly written and encompasses every type of civil action." *Wimmershoff v. Finger*, 74 P.3d 529, 530–31 (Colo.App.2003).[2] Fees must be awarded "against any attorney or party who has brought or defended a civil action, either in whole or *in part*, that the court determines lacked substantial justification." § 13–17–102(2) (emphasis added). If "attorney fees are otherwise specifically provided by statute," such as section 38–35–204, "the provision allowing the greater award shall prevail." § 13–17–106, C.R.S.2010.

Thus, despite properly dismissing the action without a show cause hearing, the court could have exercised its discretion to award attorney fees under section 13–17–102. *See*

*Engel v. Engel*, 902 P.2d 442, 446 (Colo.App. 1995) (a trial court "may properly determine that an action was 'brought or defended' in a substantially groundless manner even when it is dismissed ... before the trial actually commences"); *cf. Portercare Adventist Health System v. Lego*, —— P.3d ——, —— n. 6, 2010 WL 3584394 (Colo.App.2010) (*cert. granted* Mar. 24, 2011) (even prevailing party could be subject to attorney fees award for having unnecessarily expanded proceedings). However, because the court did not address section 13–17–102, we are unable to determine whether the court abused its discretion by not awarding attorney fees under that statute. *See In re Marriage of Rodrick*, 176 P.3d 806, 816 (Colo.App.2007) (remanding for trial court to address section 13–17–102); *cf. People v. Darlington*, 105 P.3d 230, 232 (Colo.2005) ("failure to exercise discretion is itself an abuse of discretion").

The judgment is affirmed and the case is remanded for further proceedings on attorney fees under section 13–17–102.

Judge CASEBOLT and Judge DAILEY concur.

---

**2.** Limited exceptions not relevant here include "traffic offenses, matters brought under the provisions of the 'Colorado Children's Code' ... or related juvenile matters, or matters involving violations of municipal ordinances." § 13–17–102(8), C.R.S.2010.