Opinions of the Colorado Supreme Court are available to the public and can be accessed through the Judicial Branch's homepage at http://www.courts.state.co.us. Opinions are also posted on the Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
May 21, 2018

**2018 CO 39**

**No. 15SC472, <u>State Farm v. Fisher</u>—Insurance—Underinsured Motorist Benefits—Unreasonable Delay/Denial of Payment.**

The supreme court holds that under section 10-3-1115, C.R.S. (2017), insurers have a duty not to unreasonably delay or deny payment of covered benefits, even though other components of an insured's claim may still be reasonably in dispute. In this case, an insurer issued multiple underinsured motorist insurance policies that covered a driver who was injured by an underinsured motorist. Though the insurer agreed that its policies covered the driver's medical expenses, it refused to pay them because the insurer disputed other amounts (including lost wages) that the driver sought under the policies. A jury found that the insurer violated section 10-3-1115, which provides that an insurer "shall not unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party [insured] claimant." Because the court of appeals properly upheld the driver's jury award, the supreme court affirms its judgment.

# The Supreme Court of the State of Colorado

2 East 14th Avenue • Denver, Colorado 80203

## 2018 CO 39

### Supreme Court Case No. 15SC472
*Certiorari to the Colorado Court of Appeals*
Court of Appeals Case No. 13CA2361

### Petitioner:

State Farm Mutual Automobile Insurance Company,

v.

### Respondent:

Dale Fisher.

### Judgment Affirmed
*en banc*
May 21, 2018

**Attorneys for Petitioner:**
Hall & Evans, L.L.C.
Alan Epstein
    *Denver, Colorado*

Frank Patterson & Associates, P.C.
Franklin D. Patterson
    *Greenwood Village, Colorado*

Sweetbaum Sands Anderson PC
Jon F. Sands
    *Denver, Colorado*

**Attorneys for Respondent:**
Bachus & Schanker, LLC
J. Kyle Bachus
    *Denver, Colorado*

**Attorneys for Amici Curiae Colorado Civil Justice League, American Insurance Association, Property Casualty Insurers Association of America, and National Association of Mutual Insurance Companies:**
Wheeler Trigg O'Donnell LLP
Terence M. Ridley
Evan Stephenson
Kayla Scroggins
     *Denver, Colorado*

**Attorneys for Amicus Curiae Colorado Defense Lawyers Association:**
Ruebel & Quillen, LLC
Jeffrey Clay Ruebel
     *Westminster, Colorado*

**JUSTICE HOOD** delivered the Opinion of the Court.

¶1 An underinsured motorist struck a car driven by Dale Fisher, causing Fisher injuries requiring over $60,000 in medical care. Fisher was not at fault, and he was covered under multiple State Farm underinsured motorist ("UIM") insurance policies. State Farm agreed that Fisher's medical bills were covered under the UIM policies, but it disputed other amounts Fisher sought under the policies, including lost wages. So, State Farm refused to pay Fisher's medical bills without first resolving his entire claim.

¶2 Fisher sued, alleging State Farm had unreasonably delayed paying his medical expenses. In response, State Farm argued it had no duty to make piecemeal payments, even for Fisher's undisputed medical expenses, when it disputed the rest of Fisher's UIM claim. A jury returned a verdict in Fisher's favor, finding that State Farm had violated section 10-3-1115, C.R.S. (2017), which provides that an insurer "shall not unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party [insured] claimant." A division of the court of appeals affirmed.

¶3 We must decide whether auto insurers have a duty to pay undisputed portions of a UIM claim—like the medical expenses at issue here—even though other portions of the claim remain disputed. Like the court of appeals, we find our answer to this question in the plain language of section 10-3-1115. We hold that insurers have a duty not to unreasonably delay or deny payment of covered benefits, even though other components of an insured's claim may still be reasonably in dispute. Thus, we affirm the judgment of the court of appeals.

3

## I. Facts and Procedural History

¶4 In February 2010, a motorist crashed into a car driven by Respondent Dale Fisher. The motorist was solely at fault, but he carried only $25,000 in liability insurance. Petitioner State Farm, however, covered Fisher under several insurance policies that provided a combined UIM coverage limit of $400,000. Fisher presented claims to State Farm for UIM benefits under the various policies, and he settled his liability claim against the underinsured, at-fault motorist for the $25,000 liability limit.

¶5 About a year after the accident, State Farm offered to settle Fisher's UIM claim for $59,572.10. Fisher declined. A few months later, Fisher sued State Farm. Relevant to this appeal, he alleged State Farm unreasonably delayed or denied payment of covered benefits—that is, Fisher's medical expenses—under the UIM policies, thus violating sections 10-3-1115 and 10-3-1116, C.R.S. (2017), ("unreasonable-delay claim").

¶6 In a deposition, State Farm conceded that Fisher's $61,125.16 in medical bills were reasonable, necessary, and causally related to the car accident. But it did not pay him.[1]

---

[1] The following exchange between Fisher's lawyer and State Farm's corporate representative took place during the C.R.C.P. 30(b)(6) deposition:

> Q. All right. Before the date that a lawsuit was filed against State Farm, did your company ever inform Mr. Fisher that it believed that any of the medical expenses totaling $61,125.16 were not reasonable, necessary, or causally related to the collision?
>
> . . . .
>
> A. At the time that the lawsuit was filed, we believed that those medical expenses were reasonable, related, and a direct result of the automobile accident.

¶7     During a five-day jury trial, State Farm moved for a directed verdict on Fisher's unreasonable-delay claim.  It asserted that, as a matter of law, it did not unreasonably delay paying Fisher, because even though State Farm didn't dispute his medical expenses, it disputed other portions of Fisher's UIM claim.  Thus, it had no obligation to make piecemeal payments on the undisputed portions of Fisher's claim.  The trial court denied State Farm's motion.  In closing arguments, Fisher argued that State Farm had unreasonably delayed paying his undisputed medical expenses to extract a cheaper, global settlement of his UIM claim.  For perspective, Fisher initially requested $1.35 million (including his medical expenses) from State Farm because he could no longer physically perform his line of work in contracting and carpentry.  And at trial, Fisher maintained he was entitled to economic damages (including the medical expenses and lost wages), non-economic damages (for pain and suffering), and damages for permanent physical impairment.

¶8     In returning a verdict for Fisher, the jury specifically found that State Farm had unreasonably delayed paying Fisher's medical expenses.  Thus, the trial court entered a judgment of the UIM policy limit ($400,000), plus double medical expenses

---

Q. All right.  Do you agree that as of the date that the lawsuit was filed against your company that your company had issued no payments for any of the bills that we just described that total $61,125.16 under any underinsured motorist payment?

A. I agree with that, yes.

. . . .

Q. Before a lawsuit was filed in this matter, there was simply no dispute regarding those medical expenses between you and Mr. Fisher, correct?

A. That's correct.

($122,250.32), which is the penalty under section 10-3-1116 when an insurer unreasonably delays or denies payment of a covered benefit under section 10-3-1115. State Farm appealed.

¶9 Holding that, "under section 10-3-1115, State Farm was legally obligated to not unreasonably delay or deny payment of Fisher's medical expenses, notwithstanding that other components of his UIM claim may have been subject to reasonable dispute," a division of the court of appeals affirmed in a unanimous, published opinion. Fisher v. State Farm Mut. Auto. Ins. Co., 2015 COA 57, ¶ 36, __ P.3d __. In reaching its holding, the court of appeals rejected State Farm's argument. To do otherwise, the court of appeals reasoned, would enable an insurer to unreasonably delay or deny a valid claim for medical benefits simply by disputing the total amount owed. Id. at ¶ 25. And the court further observed that neither the statute's plain language nor State Farm's policy require that all of a claim be established beyond reasonable dispute before a duty to pay some of the claim that is not in dispute arises. Id. at ¶ 27. Thus, because it was undisputed that Fisher's medical expenses were a covered benefit under the UIM policies, State Farm had a duty not to unreasonably delay or deny payment for them—even though the rest of his claim remained in dispute. Id. at ¶ 36.

¶10 State Farm petitioned for this court to review the court of appeals' decision, and we granted certiorari.[2]

---

[2] We granted certiorari to review the following issue:

> Whether the court of appeals incorrectly ruled that automobile insurers have a duty to advance partial payments on undisputed portions of an

6

## II. Analysis

¶11    We begin by discussing the standard of review and familiar principles of statutory interpretation.  Next, we turn to section 10-3-1115 to resolve the sole issue this case presents.  We conclude section 10-3-1115's plain text imposes a duty on auto insurers not to unreasonably delay or deny payment of covered benefits, even though other components of an insured's UIM claim may still be reasonably in dispute.

### A. Standard of Review and Principles of Statutory Interpretation

¶12    This case presents a question of statutory interpretation, which we review de novo.  Coloradans for a Better Future v. Campaign Integrity Watchdog, 2018 CO 6, ¶ 15, 409 P.3d 350, 353.  In construing a statute, we seek to give effect to the General Assembly's intent by according words and phrases their plain and ordinary meanings.  Id. at ¶ 16, 409 P.3d at 353.  If the statutory language is clear, we apply it as written.  Id.  "Where the statutory language is clear and unambiguous, we need not resort to interpretive rules of statutory construction."  Granite State Ins. Co. v. Ken Caryl Ranch Master Ass'n, 183 P.3d 563, 567 (Colo. 2008).

¶13    With these principles in mind, we turn to the statute at issue.

### B. Section 10-3-1115's Plain Language Requires Insurers Not to Unreasonably Delay or Deny Paying Covered Benefits

¶14    State Farm argues the court of appeals erred because section 10-3-1115 does not impose a duty on auto insurers to make partial payments on undisputed portions of

---

uninsured/underinsured ("UM/UIM") claim even though the complete claim has not been resolved.

UIM claims when other portions of the claim remain disputed. Unsurprisingly, Fisher disagrees, contending the statute's text mandates otherwise. Thus, our answer pivots on whether the statute imposes such a duty.

¶15 We start with the statute's text. In relevant part, section 10-3-1115 provides the following:

> A person engaged in the business of insurance shall not unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant.
>
> . . . .
>
> [A]n insurer's delay or denial was unreasonable if the insurer delayed or denied authorizing payment of <u>a covered benefit</u> without a reasonable basis for that action.

§ 10-3-1115(1)(a), (2) (emphasis added). And section 10-3-1116(1) notes a party "whose claim for payment of benefits has been unreasonably delayed or denied may bring an action in a district court to recover reasonable attorney fees and court costs and two times the covered benefit."

¶16 Neither the statute nor the policies define the term "covered benefit." But ultimately, State Farm does not suggest that Fisher's medical expenses are not a "covered benefit"—its argument is simply that the courts below erred as a matter of law by concluding State Farm had a duty to pay Fisher for the undisputed medical expenses while it disputed the rest of his claim.

¶17 State Farm contends that we can't read section 10-3-1115 in a vacuum. Instead, we should harmonize section 10-3-1115 with the UIM statute, which provides as follows: "Uninsured motorist coverage shall include coverage for damage for bodily

8

injury or death that an insured <u>is legally entitled to collect</u> from the owner or driver of an underinsured motor vehicle." § 10-4-609(4), C.R.S. (2017) (emphasis added).

¶18 Under section 10-4-609, State Farm contends that the amount of damages the "insured is legally entitled to collect from the owner or driver of an underinsured motor vehicle," subject to policy limits, is a single, final payment through either a settlement with or a judgment against the insurer—not a piecemeal payment of benefits. State Farm points out that the UIM policies at issue are also consistent with section 10-4-609's "legally entitled to collect" language contemplating a single payment of a UIM claim.

¶19 And State Farm emphasizes that this one-time damages payment is consistent with this court's precedent observing that the purpose of UIM coverage is to put an insured injured by an underinsured driver "in the same position as if the underinsured motorist had liability limits in amounts equal to the insured's coverage." <u>Sunahara v. State Farm Mut. Auto. Ins. Co.</u>, 2012 CO 30M, ¶ 28, 280 P.3d 649, 657.

¶20 We find State Farm's arguments unpersuasive for three reasons. First, State Farm leans heavily on section 10-4-609 to impose a limit on section 10-3-1115's plain language. But section 10-4-609 does not speak to what a "covered benefit" is. Indeed, neither the word "covered" nor "benefit" is even found in section 10-4-609. And nothing in section 10-3-1115's text constricts its application to just one payment or the payment of only an entire claim. Thus, it would be a stretch for us to impose the limit State Farm seeks by engrafting section 10-4-609 onto section 10-3-1115, when the plain language of section 10-3-1115 requires insurers not to unreasonably delay or deny paying a covered benefit and section 10-4-609 does not address what constitutes a

"covered benefit." See Moffat Coal Co. v. McFall, 186 P.2d 1021, 1021 (Colo. 1947) ("We cannot, under the guise of harmonizing various sections of the statute or by employment of rules of construction, ignore the provisions of legislative enactments which are clear and unambiguous.").

¶21 Second, as Fisher points out, holding section 10-3-1115 applies only to payment of an entire claim (as opposed to an undisputed portion of a claim) would ignore the statute's reference to "a covered benefit," § 10-3-1115(2). Had the General Assembly intended State Farm's reading, it could have simply used the word "claim" instead of "covered benefit" in section 10-3-1115(2). But it did not. And we will not impose a limit on section 10-3-1115's application where the General Assembly could have done so. See Sooper Credit Union v. Sholar Grp. Architects, P.C., 113 P.3d 768, 772 (Colo. 2005) ("Had the General Assembly intended to limit [the statute's application], it would have said so. Accordingly, we will not read in such a requirement that the General Assembly plainly chose not to include."); State v. Nieto, 993 P.2d 493, 500 (Colo. 2000) ("If courts can give effect to the ordinary meaning of words used by the legislature, the statute should be construed as written, giving full effect to the words chosen, as it is presumed that the General Assembly meant what it clearly said." (emphasis added)).

¶22 And third, like the court of appeals, we are persuaded by the reasoning of the United States District Court for the District of Colorado's rejection of State Farm's reasoning in a similar case:

> Under [State Farm's] logic, any insurer would be insulated from liability under [section] 10-3-1115(1)(a) as long as they dispute the amount of "benefits owed," no matter how unreasonable the insurer's position. Put

another way, a defendant insurer . . . could unreasonably delay and/or deny a valid claim for benefits . . . . Despite this bad faith, however, the insurer could not be found liable under the statute unless and until its insured prosecuted a successful breach-of-contract suit against the insurer and won a judgment for damages. This would cause the insured to first need to successfully prosecute the breach-of-contract suit against the insurer, and then subsequently bring an entirely separate lawsuit seeking to prove a violation of [section] 10-3-1115 . . . . Thus, the fact that the benefits owed to Plaintiff is currently in dispute does not mean that Plaintiff's statutory . . . claim fails as a matter of law.

Peden v. State Farm Mut. Auto. Ins. Co., No. 14-CV-00982-LTB-KLM, 2014 WL 4696401, at *2 (D. Colo. Sept. 22, 2014) (citations and quotations omitted).

¶23 We also address State Farm's point at oral argument that the court of appeals' holding yields an absurd result: An injured driver, it says, would be better off getting hit by an underinsured driver rather than an adequately insured driver, because in a UIM claim, unlike in a claim against an alleged tortfeasor, the injured driver could be entitled to receive earlier payment of medical benefits under section 10-3-1115. But what we confront here is a first-party insurance claim, not a third-party claim. In the UIM context, a contract (the policy) and a statute (section 10-3-1115) give rise to any duty to pay benefits, unlike a third-party scenario where a tortfeasor (if liable) has a duty to compensate the injured driver. See Sunahara, ¶ 28, 280 P.3d at 657 (discussing differences between first-party and third-party claims). It follows, then, that section 10-3-1115 doesn't favor some auto insureds over others, but rather treats all first-party insureds the same by imposing a duty on their insurers not to unreasonably delay or deny payment of covered benefits.

11

¶24 Like the court of appeals, we think that section 10-3-1115's plain language is clear, and it imposes the duty it says it imposes—that is, an insurer can't unreasonably delay or deny paying a covered benefit without a reasonable basis for doing so. Moreover, nothing in the statute requires or supports withholding payment of undisputed covered benefits simply because other portions of an insured's UIM claim remain disputed.

¶25 Here, it's undisputed that Fisher's medical expenses were a covered benefit under the State Farm UIM policies. Under the statute's plain language State Farm had a duty not to unreasonably delay or deny paying Fisher's medical expenses. Nevertheless, State Farm did not pay these undisputed covered benefits and instead proceeded to trial. The jury found this violated section 10-3-1115. Again, nothing we see in the statute's unambiguous, plain language requires reversal as a matter of law. Accordingly, we conclude the court of appeals properly upheld Fisher's jury award under sections 10-3-1115, -1116.

¶26 State Farm and its amici strongly contend that the court of appeals' holding—which we now affirm—has increased the price of UIM premiums and reduced insurers' ability to detect fraud and inflated claims. Because the plain language of section 10-3-1115 compels the result we reach today, we think such public policy arguments would be better directed to the legislature.

### III. Conclusion

¶27 Under the plain language of section 10-3-1115, we hold that insurers have a duty not to unreasonably delay or deny payment of covered benefits, even though other

components of an insured's claim may still be reasonably in dispute. Because Fisher's medical expenses were undisputedly covered under the UIM policies, but State Farm failed to pay them, we conclude that the court of appeals properly upheld Fisher's jury award under sections 10-3-1115, -1116. Therefore, we affirm the judgment of the court of appeals.