The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
August 23, 2018

## 2018COA126

**No. 17CA0741, Marchant v. Boulder Community Health — Creditors and Debtors — Hospital Liens — Lien for Hospital Care**

A division of the court of appeals considers whether the hospital lien statute, section 38-27-101, C.R.S. 2017, provides an injured person the right to sue for twice the amount of an improper hospital lien upon the damages payable to her for her injury even if, prior to suit, the lien met the requirements set forth in the statute. The division concludes that the General Assembly intended for the statutory penalty to apply only to lien violations existing at the time a complaint is filed. Because the plaintiff filed suit after the hospital had met the requirements set forth in the hospital lien statute, the division affirms summary judgment in favor of the hospital.

Court of Appeals No. 17CA0741
Boulder County District Court No. 16CV30445
Honorable Thomas F. Mulvahill, Judge

_____

Jean Marchant, as guardian of Krista Marchant,

Plaintiff-Appellant,

v.

Boulder Community Health, Inc.; and Cardon Outreach, LLC, a foreign corporation,

Defendants-Appellees.

_____

JUDGMENT AFFIRMED

Division III
Opinion by JUDGE MÁRQUEZ*
Webb and Fox, JJ., concur

Announced August 23, 2018

_____

Bold, Educated Lawyering LLC, Thomas D. Russel, Denver, Colorado, for Plaintiff-Appellant

Hall & Evans, L.L.C., Alan Epstein, Denver, Colorado, for Defendants-Appellees

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2017.

¶ 1     Plaintiff, Jean Marchant, as guardian of Krista Marchant, appeals the summary judgment in favor of defendants, Boulder Community Health, Inc. (BCH), and Cardon Outreach, LLC (Cardon), regarding her right to seek damages of twice the amount of a hospital lien filed in violation of section 38-27-101, C.R.S. 2017, (the hospital lien statute) against her daughter. We affirm.

## I. Background

¶ 2     The record shows the following undisputed facts. Krista Marchant, plaintiff's daughter, was struck by an automobile and received medical treatment from BCH in November 2015, for which BCH billed $27,681.10. Cardon, as an agent for BCH, filed with the Colorado Secretary of State a statutory lien in that amount "upon the net amount payable to [daughter], . . . or [her] legal representatives . . . as damages on account of such injuries," on December 10, 2015, without first billing the daughter's insurance company.

¶ 3     On February 10, 2016, BCH made an insurance "adjustment" to reduce the bill by $19,903.99 and billed daughter's medical insurance company, Blue Cross Blue Shield (BCBS), the next day. BCBS paid $6999.37 on February 23, leaving a balance of $777.74.

1

¶ 4     On March 17, Cardon amended the lien to $777.74, the remaining balance of daughter's medical charges.  The parties agree that plaintiff filed a complaint against BCH and Cardon on April 19, while the lien for $777.74 was in effect, but this complaint is not part of the appellate record.  Plaintiff paid $777.74 on April 30, and Cardon released the lien on May 11, 2016.  Later, plaintiff filed an amended complaint, asserting, as relevant to this appeal, a claim for violation of the hospital lien statute against BCH and Cardon.

¶ 5     In response to cross-motions for determinations of a question of law under C.R.C.P. 56(h), the district court ruled, as a matter of law, that section 38-27-101(7) "only provides standing" for a lawsuit if the plaintiff "'is subject to' an improper lien at the time he or she files the legal action," and "does not allow an individual to file a damages lawsuit . . . where the claim arises out of an improper lien filing which has been cured prior to filing."  Based on this interpretation, the court granted defendants' motion for summary judgment.

## A. The Hospital Lien Statute

¶ 6     Before August 5, 2015, the hospital lien statute provided that hospitals "shall . . . have a lien for all reasonable and necessary

charges for hospital care upon the net amount payable to [a person injured by another person's negligence or wrongful acts], . . . as damages on account of such injuries." § 38-27-101, C.R.S. 2014.

¶ 7        However, the General Assembly significantly amended the statute, and the amendment became effective on August 5, 2015, before daughter's injury. Ch. 260, sec. 1, § 38-27-101, 2015 Colo. Sess. Laws 981-83. The amended hospital lien statute provides, as relevant here, as follows:

> (1) *Before a lien is created, every hospital . . .* which furnishes services to any person injured as the result of the negligence or other wrongful acts of another person and not covered by [Workers' Compensation], *shall submit all reasonable and necessary charges* for hospital care or other services for payment *to the property and casualty insurer and the primary medical payer of benefits available to . . . the injured person,* in the same manner as used by the hospital for patients who are not injured as the result of negligence or wrongful acts of another person, . . . .
>
> . . . .
>
> (7) An insured person who *is subject to a lien in violation of this section may* bring an action in a district court to recover two times the amount of the lien attempted to be asserted.

§ 38-27-101, C.R.S. 2017 (emphasis added).

## B. Procedural Background

¶ 8    Following the trial court's interpretation of the amended statute, defendants moved for summary judgment, arguing that because the lien had been cured — it was no longer an improper lien — before plaintiff's lawsuit, and there were no disputed issues of fact, they were "entitled to a dismissal." Plaintiff responded that the improper lien was incapable of cure and that defendants' proffered facts were in dispute. She also moved for summary judgment, arguing for a different interpretation of the hospital lien statute. As noted, the court granted defendants' motion.

¶ 9    On appeal, plaintiff makes numerous arguments revolving around only one contention: the court misinterpreted the hospital lien statute. She does not dispute any material facts.

## II. Standard of Review and Applicable Law

¶ 10    We review de novo questions of statutory interpretation, *Jefferson Cty. Bd. of Equalization v. Gerganoff*, 241 P.3d 932, 935 (Colo. 2010), and orders granting summary judgment, *Ryder v. Mitchell*, 54 P.3d 885, 889 (Colo. 2002).

¶ 11    "Our primary duty in construing statutes is to give effect to the intent of the General Assembly, looking first to the statute's plain

4

language." *Vigil v. Franklin*, 103 P.3d 322, 327 (Colo. 2004). In construing the plain meaning of the language, we give effect to every word and consider the statute as a whole. *Waste Mgmt. of Colo., Inc. v. City of Commerce City*, 250 P.3d 722, 725 (Colo. App. 2010). We construe words and phrases "according to grammar and common usage." *Gerganoff*, 241 P.3d at 935. If the statutory language is clear and unambiguous, we will not resort to any other tools of statutory construction, and we must apply the statute as written. *Vigil*, 103 P.3d at 328.

¶ 12    But if the statutory language is ambiguous — capable of being reasonably understood in two or more ways — we may rely on other factors, such as the legislative history, the consequences of a given construction, and the heading of the statute to aid in determining the General Assembly's intent. *See Gerganoff*, 241 P.3d at 935.

¶ 13    If, in light of our de novo interpretation of the statute, the pleadings and supporting documentation demonstrate that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate. C.R.C.P. 56(c); *Amos v. Aspen Alps 123, LLC*, 2012 CO 46, ¶ 13.

III. Discussion

¶ 14      The parties agree that when BCH first filed its lien, BCH had not billed BCBS, and thus the lien violated the hospital lien statute.[1]  If plaintiff had sued at that time, the statute would have provided plaintiff grounds to seek twice the amount of the lien—$55,362.20.

¶ 15      The need for statutory interpretation arises because plaintiff did not file suit until after BCH had adjusted the amount due and billed BCBS, just as it would for "patients who are not injured as the result of the negligence or wrongful acts of another person." § 38-27-101(1).  We must determine whether a claim for relief attaches at the moment a lien is filed or when plaintiff files a complaint.

¶ 16      We construe the language in section 38-27-101(7), "[a]n injured person who *is subject to a lien in violation of this section may* bring an action in a district court" (emphasis added), according to grammar and common usage.  *See Gerganoff*, 241 P.3d at 935.  The

---

[1] Plaintiff also asserts that the lien was improper because it was for an amount greater than that allowed by BCH's contract with BCBS. Even if we agree, our analysis for the overall failure to bill prior to lien creation addresses this assertion because BCH had billed BCBS an adjusted amount before plaintiff sued.

permissive word "may," in conjunction with the temporal word "is," indicates that the statute applies only to liens affecting a plaintiff when she chooses to sue. *See Sifton v. Stewart Title Guar. Co.*, 259 P.3d 542, 544 (Colo. App. 2011) (collecting cases; finding no authority to support the proposition that present tense language applies to past events).

¶ 17    Had the General Assembly intended to make a remedy available for liens that had previously violated the statute, it could have used mandatory language such as "shall be entitled" instead of "may bring an action." And it could have stated "has been subjected" rather "is subject." But it did neither. We conclude, based on the plain language of the statute, that the General Assembly intended the claim for relief to attach at the time a complaint is filed. *See Gerganoff*, 241 P.3d at 935.

¶ 18    Even if plaintiff asserted a violation of the hospital lien statute in her original complaint,[2] she was no longer subject to a lien that violated the statute at that time. When plaintiff filed, BCH had

---

[2] We are unable to review the original complaint because plaintiff did not designate it as part of the record. We generally presume that material portions omitted from the record would support the district court's judgment. *People v. Wells*, 776 P.2d 386, 390 (Colo. 1989).

complied with section 38-27-101(1) for the filing of a hospital lien. Specifically, BCH had billed BCBS "in the same manner [as it would for] patients who are not injured as the result of the negligence or wrongful acts of another person," § 38-27-101(1); had adjusted the balance based on payment by BCBS; and had amended the lien to reflect only the remaining charges. For these reasons, the lien was not then in violation of the statute, and we conclude that the statute does not permit plaintiff to seek damages.

¶ 19     We are not persuaded otherwise by plaintiff's policy arguments that the General Assembly could not have intended our interpretation because such an interpretation "creates races to the courthouse" and allows hospitals to evade liability by amending or withdrawing a lien before a plaintiff sues. *See State Farm Mut. Auto. Ins. Co. v. Fisher*, 2018 CO 39, ¶ 26 ("[W]e think such public policy arguments would be better directed to the legislature."). Nor are we persuaded by plaintiff's argument that the legislative history supports only her interpretation. When a statute's plain language is clear and susceptible of only one reasonable interpretation, the statute must be applied as written. *Smith v. Jeppsen*, 2012 CO 32, ¶ 14.

¶ 20    We do not address plaintiff's argument — raised for the first time in her reply brief — that because the amended statute provides a penalty, we should construe it in her favor. *See Flagstaff Enters. Constr. Inc. v. Snow*, 908 P.2d 1183, 1185 (Colo. App. 1995) (refusing to consider an argument raised for the first time in a reply brief).

## IV. Conclusion

¶ 21    We affirm the district court's judgment.

JUDGE WEBB and JUDGE FOX concur.