24CA0067 Peterson v Aurora 02-06-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0067
Arapahoe County District Court No. 22CV146
Honorable Elizabeth Beebe Volz, Judge

---

TeLitha Peterson,

Plaintiff-Appellant,

v.

City of Aurora,

Defendant-Appellee.

---

JUDGMENT AFFIRMED

Division IV
Opinion by JUDGE GROVE
Harris and Pawar, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced February 6, 2025

---

TeLitha Peterson, Pro Se

Peter A. Schulte, City Attorney, Gillian Fahlsing, Assistant City Attorney, Kimberly Skaggs, Assistant City Attorney, Aurora, Colorado, for Defendant-Appellee

¶ 1    Plaintiff, TeLitha Peterson, appeals the district court's entry of judgment in favor of defendant, the City of Aurora, following a jury trial on her claims that she experienced discrimination, harassment, retaliation, and a hostile work environment while employed at the Aurora Detention Center (ADC). We affirm.

## I.    Background

¶ 2    We note at the outset that our review of the facts is hampered by the unavailability of the trial transcript. We are able to discern from the record, however, that Peterson's claims arise from her former employment as a Detention Officer at the ADC, where she worked from November 2019 through January 2022. Generally speaking, Peterson alleged that her supervisor at the ADC harassed her and discriminated against her on account of her gender and also committed retaliation by, among other things, making false statements and giving her an unjustified "below standards" rating in her annual performance evaluation. These acts, Peterson maintained, resulted in a hostile work environment and deprived her of promotional opportunities within the ADC.

¶ 3     Peterson, representing herself, tried her case to a jury, which ruled in favor of Aurora.  Peterson appeals the district court's judgment entered on the jury's verdict.

## II.    Analysis

### A.    Lack of Transcript

¶ 4     Although Peterson designated the trial transcript as part of the record on appeal, it is not part of the record because Peterson did not pay for it.  *See Almarez v. Carpenter*, 477 P.2d 792, 794 (Colo. 1970) (noting that civil litigants are not entitled to transcripts at state expense).  Nor did the parties provide a statement of the evidence or proceedings as contemplated by C.A.R. 10(e).

¶ 5     Aurora argues that we should dismiss the appeal as a result. *See* C.A.R. 10(d)(3) ("The appellant must include in the record transcripts of all proceedings necessary for considering and deciding the issues on appeal."); *see also* C.A.R. 10(a)-(b) (on appeal, the appellant must provide a complete record on the issue); *Wolven v. Velez,* 2024 COA 8, ¶ 53 n.6, (the party asserting an error has an obligation to present a record that discloses the asserted error).  Although we decline to dismiss Peterson's appeal, we are nonetheless required to presume that the district court's rulings

and findings are supported by any relevant part of the record that is omitted. *See Hock v. N.Y. Life Ins. Co.*, 876 P.2d 1242, 1252 (Colo. 1994); *Fisher v. State Farm Mut. Auto. Ins. Co.*, 2015 COA 57, ¶¶ 71-72, *aff'd*, 2018 CO 39; *see also In re Marriage of Murray*, 790 P.2d 868, 870 (Colo. App. 1989) ("Statements made in the briefs of a party cannot supply that which must appear from a certified record.").

¶ 6    With that caveat, we turn to the merits of Peterson's appellate arguments.

## B.    Hearsay

¶ 7    Peterson contends that the district court erred by declining to admit into evidence several written complaints that had been filed against her supervisor by other female employees. It appears to be undisputed that Aurora objected to the admission of these complaints on hearsay grounds, and the district court sustained the objection.

¶ 8    In her opening brief, Peterson argues that the written complaints should have been admitted under one of two exceptions to the hearsay rule: CRE 803(5) (recorded recollections) or CRE 803(6) (business records). The trial court did not resolve this issue

3

through pretrial motions, *see Bernache v. Brown*, 2020 COA 106, ¶ 9 ("A court's definitive ruling on a motion in limine preserves the issue for appeal."), ruling only that it would "determine during trial whether the hearsay objection applie[d] to any specific testimony."

¶ 9    Moreover, without a trial transcript, we cannot tell whether Peterson preserved these arguments for appeal by advancing them in the district court during trial.  While the court file reflects the fact that Peterson offered the documents into evidence, a trial transcript (or a stipulation) is the only way to confirm whether Peterson urged the district court to admit the exhibits for the same reasons she argues on appeal.[1]  Because Peterson cannot establish that she preserved her appellate arguments, we must deem the issue waived.  *See Est. of Stevenson v. Hollywood Bar & Cafe, Inc.*, 832 P.2d 718, 721 n.5 (Colo. 1992) ("Arguments never presented to, considered or ruled upon by a trial court may not be raised for the first time on appeal."); *Paine, Webber, Jackson & Curtis, Inc. v.*

---

[1] In her reply brief, Peterson appears to concede that she did not invoke CRE 803(5) in the district court, asserting that she "didn't argue the *Recorded Recollection Exception of Rule 803*, because [she] wanted both aspects of witness testimonies and their documented business record to be considered to impact the jury, which was argued even before trial."

*Adams*, 718 P.2d 508, 513 (Colo. 1986). In sum, because we lack the record necessary to evaluate Peterson's hearsay arguments, we are unable to review them.

### C. Jury Instruction

¶ 10    Peterson also contends that the court incorrectly instructed the jury as to the elements of the claim of harassment or hostile work environment. As with the hearsay arguments discussed above, in the absence of a trial transcript, we are unable to determine if Peterson preserved this contention by raising it in the trial court. *See* C.R.C.P. 51; *Hendricks v. Allied Waste Transp., Inc.*, 2012 COA 88, ¶ 30 ("Where a party fails to object to a jury instruction before the case is submitted to the jury, the party waives any claim of error due to that instruction.").

¶ 11    In any event, however, Peterson's argument fails on the merits. She contends that the jury instruction outlining the elements of her claim of "harassment or hostile work environment" was incorrect because it did not conform to the amended definition of "harass" or "harassment" that was adopted with the passage of Senate Bill 23-172 (S.B. 23-172). *See* Ch. 389, secs. 4, 7, § 24-34-402(1.3)(a), 2023 Colo. Sess. Laws 2327, 2235-36 (providing that "conduct or

communication need not be severe or pervasive to constitute a discriminatory or an unfair employment practice"). But Peterson's term of employment at ADC ended in January 2022, more than a year before the effective date of S.B. 23-172, and the amendments were intended to be prospective. *See id.* at 2235-36 (providing that the amendments apply to "employment practices occurring on or after the applicable effective date of this act"). Accordingly, the court's instruction (which is included in the record on appeal) correctly stated the law in effect at the time of the conduct that Peterson alleged.

## III.   Disposition

¶ 12      The judgment is affirmed.

JUDGE HARRIS and JUDGE PAWAR concur.